**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James Anthony PRUITT, Defendant–**
**Appellant.**

**No. 93–56182.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 14, 1994.

Decided Aug. 15, 1994.

Janice Mazur, Mazur & Mazur, San Diego, CA, for defendant-appellant.

Bruce R. Castetter, Asst. U.S. Atty., San Diego, CA, for plaintiff-appellee.

Before: REINHARDT and NOONAN, Circuit Judges, and TANNER *, District Judge.

NOONAN, Circuit Judge:

James Anthony Pruitt appeals the denial of his federal habeas corpus action pursuant to 28 U.S.C. § 2255, attempting to set aside

---

* Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation.

his sentence as imposed in violation of the Constitution of the United States. We affirm the denial of his motion.

## PROCEEDINGS

Pruitt was indicted on September 19, 1990 for conspiracy to possess methamphetamine with intent to distribute and for the possession of 177 grams of methamphetamine with intent to distribute. After negotiations on his behalf by his counsel David Cohen, he was the subject of a superseding information filed July 15, 1991 charging him merely with the intent to use a telephone to facilitate a conspiracy to possess methamphetamine with intent to distribute in violation of 21 U.S.C. § 843(b). On the same date, July 15, 1991, Pruitt entered into an agreement by which he pleaded guilty to the superseding indictment. Among the terms of the plea agreement Pruitt agreed "that he will not appeal whatever sentence is imposed by the court."

On September 30, 1991, the district court held a sentencing hearing. In accordance with the plea agreement it was agreed that the base offense level was 12. Cohen argued that Pruitt should receive a reduction for acceptance of responsibility. He told the court that at the probation officer's interview with Pruitt he had informed the probation officer that he was going to help submit a letter to the probation officer so that the officer could evaluate whether Pruitt had accepted responsibility. Cohen acknowledged that helping Pruitt compose the letter had "completely slipped my mind. I did not take care of that." He had later contacted the probation officer and said that he would still like to submit the letter. It was Cohen's understanding that the sentencing would be put off until October 15 because the judge was not going to be present. However, the judge was present and Pruitt had advised Cohen "that he wanted to continue to go ahead with the sentencing today and get it over with."

The judge noted that he had received a letter from Pruitt which read as follows:

Dear Judge Turrentine:

I am scheduled to be sentenced before you on the 15th day of October, 1991. I wish to apologize to my family, and to everyone else who may have suffered as a result of my actions. I accept full responsibility for my conduct, and accept the wisdom of this court in determining an appropriate sentence for my behavior and my role in this offense.

Date: September 17, 1991.

Sincerely, James Anthony Pruitt

Cohen added that Pruitt "would acknowledge to the court this morning ... the fact that he did receive a telephone call on the day in question, in February of 1990, that he did, in response to Mr. Cerano's (sic) request ride in a vehicle that was driven by Mr. Simms, and he was present at one of the negotiations in this case with the undercover agents, and that he was introduced at that time by Mr. Serrano as his bodyguard.... [H]e would acknowledge that today."

The court noted that the plea agreement had cut the maximum sentence to 48 months, whereas if the case had gone to trial with the other defendants "it would have been off the chart, so to speak, because of the amount of drugs involved." Cohen agreed. The court asked Pruitt what he had to say by way of mitigation. Pruitt stated: "All I have to say, your honor, is that I'm sorry that this all happened. I'm sorry for taking your time up." The court concluded that it did not believe Pruitt was entitled to credit for acceptance of responsibility. Cohen again argued that Pruitt had acknowledged his role to the court. The court again refused to give two points for acceptance of responsibility. The court added: "And, Mr. Pruitt, you ought to shake your attorney's hand. The job he did for you, if he hadn't have worked it out, you'd have been gone from a minimum of 10 years. You could have been charged as a career criminal. And Mr. Cohen did you a good job."

Pruitt appealed to this court pro se, contending that he had received ineffective assistance of counsel, resulting in an excessive sentence. The government moved to dismiss on the ground that Pruitt's plea agreement precluded any consideration of any sentencing issue. We held that "the plea agreement bars this appeal." Memorandum Decision

No. 91–50709 (9th Cir., August 27, 1992) 972 F.2d 1346.

Pruitt then filed the present § 2255 motion pro se. The district court denied it without an evidentiary hearing. Pruitt, now represented by counsel, appeals.

### ANALYSIS

■ Our previous decision in this case does not make the present contention *res judicata.* We previously held only that a direct appeal had been bargained away by Pruitt. The plea agreement entered into by the government and Pruitt did not waive Pruitt's right to bring a § 2255 motion alleging ineffective assistance of counsel. We have held that a defendant may waive the statutory right to file a § 2255 petition challenging the length of his sentence. *United States v. Abarca,* 985 F.2d 1012, 1014 (9th Cir.). *cert. denied,* —— U.S. ——, 113 S.Ct. 2980, 125 L.Ed.2d 677 (1993). We noted that we were not deciding whether a plea agreement categorically foreclosed the bringing of a § 2255 proceeding for a claim of ineffective assistance. We doubt that a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain. However, we need not face this issue here, for two reasons: first, Pruitt's ineffective assistance claim related only to counsel's alleged mishandling of the sentencing proceedings, not to the plea or the plea agreement; and second, Pruitt's plea bargain did not expressly waive the right to bring a § 2255 motion. A plea agreement does not waive the right to bring a § 2255 motion unless it does so expressly. The government gets what it bargains for but nothing more.

■ Turning to the merits, we are unable to find the prejudice required by *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). If an ineffective assistance of counsel claim is to result in a new trial, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability suffi-

cient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068.

In the instant case counsel for Pruitt brought to the attention of the court everything that could have been brought to the court's attention in the undrafted letter. The court was unmoved. It is unrealistic to suppose that a letter setting out the same facts would have made a different impression.

**AFFIRMED.**