51 F.3d 284
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sean WHITESIDE, Defendant-Appellant.
 No. 94-16449.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 10, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Sean Whiteside appeals pro se the district court's denial of his motion brought under 28 U.S.C. Sec. 2255 to correct his sentence for armed bank robbery. We have jurisdiction under 28 U.S.C. Secs. 1291, 2255. We review the denial of a section 2255 motion de novo, Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994), and we affirm.
 
 
 3
 The government contends that, because Whiteside waived his right to appeal in his plea agreement, he waived his right to challenge his sentence collaterally. Whiteside, however, did not expressly waive his right to bring a section 2255 motion. Thus, his plea agreement does not preclude a collateral attack on his sentence. See United States v. Pruitt, 32 F.3d 431, 433 (9th Cir.1994); cf. United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir.), cert. denied, 113 S.Ct. 2980 (1993).
 
 
 4
 Whiteside claims the district court erred by imposing a five-level increase in his offense level because his codefendant possessed a firearm.
 
 
 5
 A petitioner may not raise nonconstitutional sentencing errors in a section 2255 motion unless he objects contemporaneously or on direct appeal. United States v. Schlesinger, No. 94-15612, slip op. 2097, 2102-04 (9th Cir. Feb. 24, 1995); United States v. Keller, 902 F.2d 1391, 1393-94 (9th Cir.1990). Whiteside did not contend in his section 2255 motion that the district court violated his constitutional rights at sentencing; he simply argued that the five-level increase was inappropriate based upon the facts accepted by the district court. Because Whiteside did not object to the presentence report or otherwise challenge the district court's determination of his offense level at sentencing, his challenge to his sentence may not be raised in a section 2255 motion. See Schlesinger, No. 94-15612, slip op. at 2103.
 
 
 6
 Whiteside raises a number of other claims in his briefs that he did not present in his section 2255 motion. We refuse to consider them for the first time on appeal. See Keller, 902 F.2d at 1395.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3