50 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael J. DAVIS, Defendant-Appellant.
 No. 94-35193.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 7, 1995.
Decided March 14, 1995.
 
 IN PART, REVERSED IN PART.
 Before: HALL, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael Davis, a federal prisoner, appeals the district court's refusal to correct his sentence (pursuant to a 28 U.S.C. Sec. 2255 motion) for possession of five kilograms or more of cocaine with intent to distribute, in violation of 18 U.S.C. Secs. 841(a)(1) and 841(b)(1)(A)(ii)(II), on the grounds that the district court erroneously imposed an obstruction of justice enhancement for his instinctual flight and erroneously used a conviction that stemmed from an indictment by a six person grand jury to enhance his sentence. The government argues in response that relief under Sec. 2255 is barred by Davis's plea agreement. We have jurisdiction and affirm in part, reverse in part, and remand for resentencing.
 
 
 3
 * Initially, the government argues that Davis's plea bargain precludes a habeas challenge as to both of his claims. In the plea agreement, Davis agreed not to appeal his sentence.
 
 
 4
 To the extent the government is arguing that the plea bargain forecloses Davis's right to file a challenge under Sec. 2255, the claim is barred by United States v. Pruitt, 32 F.3d 431 (9th Cir.1994) (plea bargain waiving right to appeal does not waive right to bring Sec. 2255 motion unless it does so expressly). To the extent the claim is that habeas relief is barred by the failure to raise the contentions on appeal, it is waived by the government's failure to raise the issue before the district court. Gonzales v. United States 33 F.3d 1047 (9th Cir.1994).
 
 II
 
 5
 Davis argues that the enhancement for obstruction of justice was inappropriate because his instinctual flight was insufficient to merit the application of the enhancement.
 
 
 6
 As in United States v. Christoffel, 952 F.2d 1086 (9th Cir.1991), cert. denied, 112 S.Ct. 1700 (1992), the enhancement for obstruction of justice was improper. Here, as there, Davis recklessly endangered others in his attempt to flee from the scene of a crime. Under Christoffel, such behavior is insufficient to support an enhancement for obstruction of justice. As in Christoffel, however, we express no opinion as to whether the facts of this case would justify an upward departure pursuant to United States v. Lira-Barraza, 941 F.2d 745 (9th Cir.1991) (en banc), as the discretion to depart upward lies with the discretion of the sentencing judge.
 
 
 7
 The government's attempt to distinguish Christoffel on the ground that there was "conduct directed against his arresting officers" is unavailing. First, in Christoffel the court noted explicitly that "Christoffel endangered the lives of the pursuing agents [and] the agents at the road block." 952 F.2d at 1089. Second, the district court found Davis "willfully interfered with the disposition of the criminal charges by driving his car towards [the officer] and swerving and trying to avoid those persons who he may not have known were police officers." Nothing in the finding indicates more than an attempt to flee (and go around) the officers who were trying to arrest him. Under the district court's findings, the enhancement was not applicable to the conduct that occurred.
 
 III
 
 8
 Davis's contention that the district court's inclusion of his Oregon conviction was improper because the conviction was unconstitutionally derived from an indictment by a grand jury with only six members is without merit.
 
 
 9
 There is no question that due process applies to grand juries, even though grand juries are not constitutionally mandated. See Peters v. Kiff, 407 U.S. 493, 501 (1972) ("if a State chooses ... to use a grand or petit jury, due process imposes limitations on the composition of that jury"; violation due to racial exclusion). It is also clear that a state need not use the grand jury system, Hurtado v. California, 110 U.S. 516, 538 (1884), and that a six person petit jury is sufficient, Williams v. Florida, 399 U.S. 78 (1970). Davis points to nothing other than state law to support his contention that six is an inadequate number of grand jurors. Moreover, a recent opinion of the Supreme Court of Oregon holds that indictment by a six-person jury does not render a conviction invalid under the state constitution. State v. Conger, 878 P.2d 1089 (Or.1994). We conclude that due process does not compel the use of at least seven grand jurors.
 
 
 10
 AFFIRMED in part, REVERSED in part, and REMANDED for resentencing.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3