76 F.3d 390
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arthur PAYTON, Defendant-Appellant.
 No. 95-55598.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1996.*
Decided Jan. 17, 1996.
 
 Before: SNEED, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arthur D. Payton, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction and 120-month sentence, imposed following his jury conviction for armed bank robbery, in violation of 18 U.S.C. § 2113(a) & (d). Payton contends the district court erred by failing to grant an evidentiary hearing on his ineffective assistance of counsel claims. We have jurisdiction under 28 U.S.C. §§ 1291, 2255. We review de novo the denial of a § 2255 motion, and for an abuse of discretion the denial of an evidentiary hearing. See Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). We affirm.
 
 
 3
 In order to prevail on an ineffective assistance of counsel claim, a defendant must show deficient performance by counsel and prejudice to the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Swanson, 943 F.2d 1070, 1073 (9th Cir.1991). An evidentiary hearing is required if a defendant's allegations are based on facts outside the record, unless the motion, files, and record conclusively show that the petitioner is entitled to no relief. Doganiere v. United States, 914 F.2d 165, 168 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991); Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.), cert. denied, 493 U.S. 869 (1989).
 
 A. Sentencing
 
 4
 Subsequent to his jury conviction, Payton entered into an agreement in which he waived his right to appeal in exchange for the 120-month sentence. Payton now contends that his counsel was ineffective during sentencing because Payton received a higher sentence than he expected, and because in accepting the agreement and waiving his right to appeal, Payton relied on counsel's assurances that the sentence subsequently would be reduced.[1]
 
 
 5
 Payton has failed to establish that his attorney's advice to accept the government offer fell below the objective standard of reasonableness or that he was prejudiced by such advice. See Strickland, 466 U.S. at 687. Payton's sentencing range under the United States Sentencing Guidelines was 135-168 months. Payton waived his right to appeal as part of a bargain under which the government recommended the 120-month sentence pursuant to U.S.S.G. § 5K1.1 for Payton's substantial assistance. Payton has failed to establish that he was entitled to any reduction of his offense other than the reduction which the government recommended.
 
 
 6
 Payton's conclusory assertion that he accepted the plea offer in reliance on the government's prior promise of a "massive departure" for his post-trial substantial assistance and on his counsel's assurances that his sentence subsequently would be rectified to reflect such a departure is not borne out by the record.
 
 
 7
 Payton stated in open court that he understood that he was waiving his right to appeal and that he wished to accept the government's recommendation for the 120-month sentence and waive his rights. See Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir.1986) (noting that statements made in open court at the time of the plea carry a strong presumption of veracity). Payton also stated to the court that he discussed the plea offer with his attorney and that it was his choice to accept its terms. See id. Given these statements, the district court did not err by rejecting Payton's conclusory allegations that he accepted the government's plea offer in reliance on the promise of a "massive departure." See Shah, 878 F.2d at 1161 (noting that conclusory allegations do not require an evidentiary hearing).
 
 B. Trial Errors
 1. Post-Trial Comments to the Media
 
 8
 Payton contends the was prejudiced when his attorney gave an "unauthorized interview" to the San Diego Union-Tribune that admitted Payton's guilt. Payton has failed to show, however, how this interview, conducted after a guilty verdict by a jury, prejudiced him. See Strickland, 466 U.S. at 687. There is no indication that the district court took note of this article prior to sentencing.
 
 2. Trial Strategy
 
 9
 Payton contends his counsel was ineffective because counsel: failed to call any character witnesses to testify on Payton's behalf, (2) advised him that he had a "better than average chance of winning at trial" and (3) failed to show Payton the prosecution's incriminating photographs prior to trial.
 
 
 10
 First, Payton has failed to identify any potential character witnesses, nor allege how their testimony might have helped his defense. See United States v. Murray, 751 F.2d 1528, 1535 (9th Cir.), cert. denied, 474 U.S. 979 (1985).
 
 
 11
 Second, Payton fails to show how his attorney's statement that Payton had a "better than average chance [of] winning at trial" reflected incompetence on the part of his attorney or that, but for this statement, there is a reasonable probability that he would have pleaded guilty and not gone to trial.
 
 
 12
 Third, Payton's criticism of his attorney's decision to not show Payton photographs taken during the various robberies amounts to a criticism of counsel's tactics and therefore is insufficient to support a claim of inadequate representation. See Murray, 751 F.2d at 1535.
 
 
 13
 Finally, we reject Payton's contention that the district court erroneously denied his section 2255 petition because it did not review his supplemental traverse. The district court's order states that it had received and "reviewed additional letters written by Petitioner and filed with the court as supplements to the [2255] motion." The record indicates that in these letters Payton reiterated his prior contentions. The district court did not err, therefore, by ruling on Payton's 2255 motion prior to receiving Payton's additional supplemental traverse. Moreover, there is nothing in Payton's supplemental pleading which indicates that the result of the proceedings would have been different had the court considered the supplemental traverse.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although he waived his right to appeal his conviction and sentence in the agreement, Payton did not expressly waive his right to challenge the conviction and sentence in a § 2255 motion. See United States v. Pruitt, 32 F.3d 431, 433 (9th Cir.1994), cf., United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir.) cert. denied, 113 S.Ct. 2980 (1993)