78 F.3d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fabian GONZALEZ-EZEQUIEL, Defendant-Appellant,
 No. 95-55366.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 5, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fabian Gonzalez-Ezequiel, a federal prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2255 motion. He contends the district court erred when it denied him relief. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo the denial of a section 2255 motion. United States v. Moore, 921 F.2d 207, 209 (9th Cir.1990). We affirm.
 
 
 3
 On October 4, 1994, Gonzalez-Ezequiel filed his first pro se section 2255 motion. On December 28, 1994, Gonzalez-Ezequiel filed a second pro se section 2255 motion. On February 13, 1995, the district court dismissed the second 2255 motion as duplicative of the first. On February 27, 1995, Gonzalez-Ezequiel filed a notice of appeal. On May 23, 1995, the district court denied the first section 2255 motion on its merits. Gonzalez-Ezequiel did not appeal the court's May 23, 1995 order.
 
 
 4
 The government contends that this court lacks jurisdiction to consider this appeal because Gonzalez-Ezequiel waived his right to appeal in his plea agreement. We disagree. Gonzalez-Ezequiel's waiver of his right to appeal his sentence did not expressly include a waiver of his right to appeal a section 2255 motion. See United States v. Pruitt, 32 F.3d 431, 433 (9th Cir.1994).
 
 
 5
 However, Gonzalez-Ezequiel appealed the district court's February 13, 1995 order. The district court did not err when it denied Gonzalez-Ezequiel's December 28, 1994 motion on the ground that it was duplicative of his October 4, 1994 motion. See 28 U.S.C. § 2255 (district court is not required to entertain second motion for similar relief on behalf of same prisoner); see also Fed.R.Civ.P. 4(b).
 
 
 6
 Even were we to reach the merits of Gonzalez-Ezequiel's claims we would affirm. He contends that his plea was not knowing and voluntary because he pleaded guilty pursuant to a plea agreement providing that he was subject to a statutory penalty of five to forty years when, according to his presentence report, "[i]n actuality, the statutory penalty for the count of conviction in this case is ten years to life because more than 100 grams of methamphetamine was involved." Gonzalez-Ezequiel got the benefit of his plea agreement. Probation and the court accepted the statutory penalty of five to forty years as stated by the plea agreement. Gonzalez-Ezequiel was sentenced to 135 months imprisonment, the low-end of his Guidelines range. His offense level, 32, was properly based on the weight of pure methamphetamine rather than the weight of the methamphetamine mixture. See U.S.S.G. § 2D1.1(c) (Nov. 1, 1990) (footnote at 2.47); see also United States v. Alfeche, 942 F.2d 697, 699 (9th Cir.1991) (per curiam) (rejecting rule of lenity challenge to 21 U.S.C. § 841). Gonzalez-Ezequiel contends he expected a five-year sentence. The record refutes this. At the change of plea hearing, defense counsel agreed that Gonzalez-Ezequiel anticipated a sentence of 121 to 151 months based on an offense level of 32, but noted it was unclear if Gonzalez-Ezequiel's criminal history was category I or II. Gonzalez-Ezequiel agreed he understood this. Because Gonzalez-Ezequiel never accepted responsibility, he was not entitled to a departure on that basis. His challenge to counsel's alleged ineffectiveness would fail for lack of prejudice. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3