97 F.3d 1463
 1996-2 Trade Cases P 71,604
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Norman WELLS, Defendant-Appellant.
 No. 95-56595.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 23, 1996.*
Decided Sept. 27, 1996.
 
 1
 Before: KOZINSKI and LEAVY, Circuit Judges, and SCHWARZER,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 James Norman Wells sold phony diet products; on the basis of a complaint filed by the FTC, he was ordered to pay $21.5 million in restitution and enjoined from further sales. He ignored the injunction and was held in civil contempt. Two years later, he pled guilty to nine counts of criminal contempt. He was sentenced to concurrent 12-month terms, plus a $450 special assessment and four years' supervised release. He agreed, as part of his plea, not to attack his plea bargain or sentence; he then proceeded to do both. In this appeal, he challenges the district court's denial of his petition for habeas corpus.
 
 
 4
 Wells agreed, in pleading guilty, not to appeal or collaterally attack his sentence. Therefore, we do not consider his sentencing claims. See United States v. Abarca, 985 F.2d 1012, 1013-14 (9th Cir.) (plea waiver precludes raising sentencing issues on appeal or through collateral attack), cert. denied, 508 U.S. 979 (1993).[1] Wells' non-sentencing claims are easily disposed of:
 
 
 5
 1. Wells claims that successive punishment for civil and criminal contempt violates double jeopardy. This argument is foreclosed by Yates v. United States, 355 U.S. 66, 74 (1957) ("The civil and criminal [contempt] sentences served distinct purposes, the one coercive, the other punitive and deterrent; that the same act may give rise to these distinct sanctions presents no double jeopardy problem."); see, e.g., United States v. Carpenter, No. 95-30104, slip op. 9351, 9353-54 (9th Cir. Aug. 1, 1996) (defendant indicted for criminal contempt after eight-month imprisonment for civil contempt failed to achieve its purpose). Nor did the sanctions imposed on Wells in connection with the civil contempt constitute, as he argues, punishment for purposes of the double jeopardy clause.
 
 
 6
 2. Wells claims that counsel had a conflict of interest in recommending a plea agreement that prevented him from claiming ineffective assistance of counsel. Assuming the agreement had this effect, see United States v. Pruitt, 32 F.3d 431, 433 (9th Cir.1994) (dicta) (waiver of right to appeal is not a waiver of right to allege ineffective assistance), it did not create a conflict. Wells benefited greatly from the plea negotiated by his attorney, while the benefit to the attorney of avoiding an ineffectiveness claim was speculative at best. Finding a conflict on these facts would make it impossible for attorneys to advise clients on a wide range of matters, as lawyers often obtain some benefit when clients follow their advice. That does not, without more, create a conflict.
 
 
 7
 3. Wells claims ineffective assistance generally, but offers no basis for overturning the district court's finding that counsel was effective at all relevant times--that is, prior to the plea allocution. Claims of subsequent ineffectiveness are foreclosed by the plea agreement.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Wells argues that the government violated the plea agreement--and thus released him from its strictures--by taking a position at sentencing on the imposition of supervised release. The government merely responded to Wells' claim that supervised release would duplicate the terms of an existing civil injunction by explaining the scope of that injunction to the court. This did not constitute "taking a position on" (that is, encouraging or discouraging) supervised release. The district court, in reaching the same conclusion, properly relied on the attorney's ethical obligation to report possible misrepresentations to the court
 Wells also argues that his waiver of appeal was ineffective because he received a sentence outside the plea agreement. See United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir.1990) ("[A] waiver of the right to appeal would not prevent an appeal where the sentence imposed is not in accordance with the negotiated agreement."), cert. denied, 503 U.S. 942 (1992). However, we agree with the district court that Wells' sentence complied with the agreement.