112 F.3d 518
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Lee PATRICK, Defendant-Appellant.
 No. 96-15780.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 25, 1997.
 
 Before: BROWNING, THOMPSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner David L. Patrick appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his 1994 guilty plea conviction and the thirty-six month sentence imposed for making threatening interstate communications in violation of 18 U.S.C. § 875(c). Patrick contended his counsel was ineffective for (a) failing to object when the government allegedly breached the plea agreement by not seeking a sentence reduction for Patrick's acceptance of responsibility; and (b) failing to object to an allegedly false statement in Patrick's presentence report that he had made threats to kill the victim. We have jurisdiction under 28 U.S.C. § 2255 and affirm.
 
 
 3
 The government contends that Patrick waived the right to file a section 2255 motion in his plea agreement, in which Patrick waived "... any right to raise and/or appeal or file any post conviction writs of habeas corpus concerning any matter pertaining to the prosecution including all motions, defenses, probable cause determinations, and objections and to the court's entry of judgment against defendant and imposition of sentence under Title 18, United States Code, Section 3742 (sentence appeals)" if the court accepted the guilty plea. The district court accepted the plea, and this court dismissed Patrick's prior appeal on the ground of the broad waiver in Patrick's plea agreement. United States v. Patrick, No. 94-10363, unpublished memorandum disposition (9th Cir. Jan. 30, 1995).
 
 
 4
 We have determined, however, that an ineffective assistance claim which directly attacks the validity of a plea agreement may not be waived in a plea agreement. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir.1994). Here, Patrick contends that his guilty plea was the involuntary product of his counsel's ineffective assistance. This contention lacks merit.
 
 
 5
 Where a defendant enters a guilty plea upon the advice of counsel, the voluntariness of the plea depends on whether the defendant received effective assistance of counsel. See Hill v. Lockhart, 474 U.S. 52, 56-57 (1985). In order to prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance was deficient and that this deficient performance prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Hill, 474 U.S. at 57. "[T]he defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.
 
 
 6
 Patrick contends that he pled guilty only because his attorney promised him he would receive a sentence of probation, and that he did not understand he was waiving his post-conviction rights. The record belies this contention.
 
 
 7
 At his change of plea hearing, Patrick stated that his counsel had been "very informative and helpful," that he was "very" satisfied with his counsel's services, and he understood the rights that he was giving up. Patrick also stated that no one had threatened him or in any way forced him to plead guilty, that he was pleading guilty freely and voluntarily and that no one had made him any promises other than the promises in the plea agreement. He stated he understood the judge could impose any sentence up to five years imprisonment on each count and that he did not have any agreement with the government that wasn't in the plea agreement. These contemporaneous on-the-record statements carry substantial weight in the assessment of the voluntariness of Patrick's guilty plea, see United States v. Mims, 928 F.2d 310, 313 (9th Cir.1991), and belie any claim that Partrick would have insisted on going to trial had he not been promised a certain sentence by his attorney, see Hill, 474 U.S. at 59.
 
 
 8
 Patrick next contends that counsel was ineffective for allegedly allowing the government to breach its agreement to recommend an adjustment in sentence for acceptance of responsibility and for failing to object to inaccuracies in the presentence report. If it is possible to dispose of an ineffective assistance of counsel claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong. See Strickland, 466 U.S. at 697. Our review of the record indicates Patrick has failed to show that he was in any way prejudiced by his counsel's alleged deficiencies, and therefore, his ineffectiveness claim is without merit. See id.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3