124 F.3d 213
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Javier FRANCISCO-FERNANDEZ, Defendant-Appellant.
 No. 97-35394.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997.**
Decided Sept. 29, 1997.
 
 Appeal from the United States District Court for the District of Oregon, Nos. CV-96-06206-MRH, CR-94-60043; Michael R. Hogan, Chief Judge, Presiding
 Before HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Javier Francisco-Fernandez appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his 188-month sentence following his guilty plea conviction for conspiracy to distribute and to possess with intent to distribute heroin, methamphetamine and cocaine. We review de novo, see Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and affirm.
 
 
 3
 Francisco-Fernandez contends that his sentence was improperly enhanced under United States Sentencing Guidelines § 2D1.1(b) for possession of a firearm, and that counsel was ineffective for not challenging this enhancement. These contentions lack merit.
 
 
 4
 In his plea agreement, Francisco-Fernandez expressly waived his statutory right to appeal and to collaterally attack the length of his sentence. Because Francisco-Fernandez's waiver was valid, it precludes him from challenging the propriety of the firearm enhancement in his section 2255 petition. See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir.1993) (holding that a knowing and voluntary waiver of a statutory right is enforceable). Such a waiver, however, does not necessarily preclude his claim of ineffective assistance of counsel. See United States v. Pruitt, 32 F.3d 431, 433 (9th Cir.1994); see also United States v. Baramdyka, 95 F.3d 840, 844 (9th Cir.1996) (holding waiver of right to direct appeal does not waive claims of ineffective assistance of counsel), cert. denied, 117 S.Ct. 1282 (1997).
 
 
 5
 We review de novo ineffective assistance of counsel claims. See Baramdyka, 95 F.3d at 844. To prevail on a claim of ineffective assistance, Francisco-Fernandez must demonstrate both that counsel's performance was deficient and that he was thereby prejudiced. See United States v. Roberts, 5 F.3d 365, 370 (9th Cir.1993) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). Moreover, he "must overcome the strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." Baramdyka, 95 F.3d at 844 (citation and internal quotations omitted).
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3