**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Kinzie William FAULK, a.k.a. Kinzie Faulk, Defendant–Appellant.**

**No. 99–15853.**

**D.C. Nos. CV–98–3253–FMS,
CR–96–125–FMS.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 12, 2001.[1]

Decided Feb. 21, 2001.

---

**1.** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Faulk's motion for oral argument is denied.

Before LEAVY, THOMAS, and RAWLINSON, Circuit Judges.

## MEMORANDUM [2]

Federal prisoner Kinzie William Faulk appeals pro se the district court's denial of his 28 U.S.C. § 2255 habeas petition following his guilty plea to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). We have jurisdiction pursuant to 28 U.S.C. § 2253(a), and we affirm.

Faulk contends that he was improperly subjected to surveillance on account of his race, that his luggage was searched without probable cause, that he was sentenced in violation of the United States Sentencing Guidelines and the Constitution, and that he received ineffective assistance from his various attorneys. In his plea agreement, Faulk waived his statutory "right to appeal or collaterally attack pursuant to 28 U.S.C. § 2255 the judgment and any part of the sentence imposed by the court, *provided that*, defendant may appeal the Court's ruling with respect to his motion to suppress evidence, as reflected in the Court's written opinion filed with the Clerk of the Court on August 7, 1996." Because we enforce Faulk's waiver of his rights to appeal both the judgment and the sentence, we consider only the underlying claims set forth in the motion to suppress.[3] *See United States v. Navarro–Botello*, 912 F.2d 318, 319 (9th Cir.1990) (holding that a knowing and voluntary appellate waiver in a negotiated plea agreement is enforceable); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.1993) (holding that a defendant may waive the right to collateral review). Thus, Faulk's Fourth Amendment claim is his only challenge not foreclosed by the plea agreement; however, such exclusionary claims cannot be raised on collateral review. *See United States v. Hearst*, 638 F.2d 1190, 1196 (9th Cir.1980) (holding collateral review of a Fourth Amendment issue is barred where the government has provided a defendant the full and fair opportunity to litigate the claim). The district

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

**3.** While an appeal waiver may not "categorically foreclose" defendants from bringing § 2255 proceedings involving ineffective assistance of counsel "based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain," *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir.1994), that issue is not implicated in this appeal. Further, Faulk's ineffective assistance claims are either unsubstantiated by the record or incoherent. We do not reach the merits of these claims.

court's denial of Faulk's § 2255 motion is affirmed.

AFFIRMED.