**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Dario FLORES–CUAMATZI, aka Agustine Zavedra, Defendant— Appellant.**

**No. 01–10446.**
**D.C. No. CR–01–00374–SRB.**

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2002 *.

Decided May 24, 2002.

Before FERNANDEZ, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Dario Flores–Cuamatzi appeals his guilty plea conviction and 46–month sentence for illegal reentry after deportation in violation of 8 U.S.C. § 1326. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291 and we affirm.

Flores–Cuamatzi contends his guilty plea was not knowing and voluntary because his counsel was ineffective for failing

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

to advise him of a possible defense under *United States v. Pacheco–Medina*, 212 F.3d 1162 (9th Cir.2000). We disagree with the government's assertion that Flores–Cuamatzi waived his appeal rights in the plea agreement. *See United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir.1994) ("We doubt that a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain.").

Nevertheless, we decline to review Flores–Cuamatzi's ineffective assistance of counsel claim on direct appeal. *See United States v. Hanoum*, 33 F.3d 1128, 1131–32 (9th Cir.1994) (observing that an ineffective assistance claim is more properly raised by collateral attack under 28 U.S.C. § 2255 because such claims cannot be advanced without development of facts outside the record).

Flores–Cuamatzi has not set forth any other argument to support his claim that his plea was not knowing and voluntary. Accordingly, we affirm.

AFFIRMED.