**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Armando QUIROZ–MADRIZ, Defendant–Appellant.**

**No. 00–10137.**
**D.C. No. CR–00–00034–ROS.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002 *.

Decided Aug. 16, 2002.

Before SCHROEDER, Chief Judge, TASHIMA, and RAWLINSON, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Armando Quiroz–Madriz appeals his conviction and 46–month sentence imposed following his guilty plea to illegal reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Quiroz–Madriz contends that his guilty plea was not knowing and voluntary because his counsel was ineffective for failing to advise him of a possible defense based on the reasoning of *United States v. Pacheco–Medina*, 212 F.3d 1162 (9th Cir. 2000). We disagree with the government's suggestion that Quiroz–Madriz' appeal waiver precludes review of this claim. *See United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir.1994) ("We doubt that a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain.").

Nevertheless, we do agree with the government that the issue is more properly raised in a collateral proceeding where there is an opportunity to fully develop the record. *See United States v. Hanoum*, 33 F.3d 1128, 1131–32 (9th Cir.1994) (observing that an ineffective assistance claim is more properly raised in a habeas petition because such claims cannot be advanced without development of facts outside the record).

Quiroz–Madriz has not set forth any other argument to support his claim that his plea was not knowing or voluntary. Accordingly, we uphold the valid appeal waiver and lack jurisdiction to review the remaining contention that Quiroz–Madriz' 1995 California conviction may not have qualified as an aggravated felony. *See United States v. Nguyen*, 235 F.3d 1179, 1184 (9th Cir.2000) (rejecting argument that an appeal waiver is invalidated where a defendant and attorney may not have recognized the strength of potential appellate claims).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

