**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Roy RAMIREZ, Defendant—Appellant.**

No. 03–50397.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted June 14, 2004.*

Decided June 22, 2004.

Ronald L. Cheng, Esq., Los Angeles, CA, Thomas E. Loeser, Esq., Riverside, CA, for Plaintiff–Appellee.

Roy Ramirez, San Bernardino, CA, pro se.

Richard D. Rome, Law Offices of Richard D. Rome, Van Nuys, CA, Defendant–Appellant.

Before LEAVY, THOMAS, and FISHER, Circuit Judges.

## MEMORANDUM **

Roy Ramirez appeals the sentence imposed following his guilty plea to conspiracy to aid and abet the manufacture of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1).

Ramirez contends that he was denied his Sixth Amendment right to effective assistance of counsel because his attorney advised him to agree to a sentence of 108 months, where Ramirez could have qualified for a sentence of 97 months.

Even if Ramirez's waiver of the right to appeal does not bar an appeal alleging ineffective assistance of counsel, *see United States v. Schuman*, 127 F.3d 815, 818 n.* (9th Cir.1997) (Kozinski J., concurring)

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See also United States v. Pruitt,* 32 F.3d 431, 433 (9th Cir.1994) ("We doubt that a plea

(reviewing cases in which a defendant may appeal sentence in spite of waiver),[1] we decline to entertain the ineffective assistance of counsel claim on direct appeal because the record does not contain a sufficient evidentiary basis as to "what counsel did, why it was done, and what, if any, prejudice resulted." *United States v. Quintero–Barraza,* 78 F.3d 1344, 1347 (9th Cir.1995) (explaining that a claim of ineffective assistance of counsel should ordinarily be brought in a collateral proceeding under 28 U.S.C. § 2255).

The sentence is therefore AFFIRMED.

agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain.").

