BARKETT, Circuit Judge,
concurring specially, in which WILSON, Circuit Judge, joins:
I join the court’s opinion. I write separately to address the government’s argument that Rivers’ appeal waiver precludes any collateral attack.
Rivers’ plea agreement included a provision that waived his rights to appeal his sentence under 18 U.S.C. § 3742 or to appeal his sentence on any other ground. However, neither Rivers’ plea agreement nor the district court’s plea colloquy so much as mentioned Rivers’ right to bring a collateral attack under 28 U.S.C. § 2255, much less included a waiver of such rights. I thus reject the government’s contention that Rivers’ appeal should be dismissed based on the presence of an appeal waiver, •as Rivers did not expressly and knowingly waive his rights to collaterally attack his sentence. United States v. Pruitt, 32 F.3d 431, 432 (9th Cir.1994) (holding that “a plea agreement does not waive the right to bring a § 2255 motion unless it does so expressly. The government gets what it bargains for but nothing more.”); United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir.2001) (holding that “a waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement”); see also Williams v. United States, 396 F.3d 1340, 1342 (11th Cir.2005) (holding that petitioner waived right to bring § 2255 motion where the plea agreement’s plain language expressly informed him that he was waiving his right to bring a collateral attack).