**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Daniel MAGUEFLOR, Defendant–Appellant.**

**No. 05–56783.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 20, 2006.*

Filed Feb. 8, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**604**

Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Mark F. Adams, Esq., San Diego, CA, for Defendant–Appellant.

Before: FISHER and CALLAHAN, Circuit Judges, and COLLINS, District Judge.**

MEMORANDUM ***

Daniel Magueflor appeals the denial of his 28 U.S.C. § 2255 motion by the district court, which found that Magueflor did not make an ineffective assistance of counsel (IAC) claim of the type that would invalidate the waiver of his right to appeal in his plea agreement. The court also found that even if Magueflor made an appropriate IAC claim, he suffered no prejudice since the court would have imposed consecutive

** The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

sentences whether or not his lawyer raised the concurrent/consecutive issue at sentencing. We review the district court's factual findings for clear error and its rulings on the waiver and IAC issues de novo. *See United States v. Christakis,* 238 F.3d 1164, 1168 (9th Cir.2001); *United States v. Bolinger,* 940 F.2d 478, 479 (9th Cir.1991). We hold that Magueflor entered a valid waiver of his right to appeal in his plea agreement and that even if there had not been a valid waiver, his IAC claim fails due to lack of prejudice.

Magueflor contends that his state and federal sentences should run concurrently instead of consecutively, and that his lawyer inexcusably failed to advise him that consecutive sentences were a possibility or to argue for concurrent sentences. It is on this basis that Magueflor seeks to appeal under 28 U.S.C. § 2255. However, in his signed plea agreement Magueflor waived his right to appeal or to collaterally attack his conviction or sentence. A defendant may waive his statutory right to file a 28 U.S.C. § 2255 motion challenging the length of his sentence. *See United States v. Pruitt,* 32 F.3d 431, 433 (9th Cir.1994). Here the terms of the plea agreement were explained at great length to Magueflor by the district court, and he also should have known after rejecting the government's deal that he was not guaranteed concurrent sentences. We therefore hold that Magueflor voluntarily and knowingly entered the plea agreement, therefore, he is bound by his waiver.

It is unclear whether Magueflor alleges ineffective assistance of counsel *prior to* the entry of his plea agreement. Ineffective assistance *after* he signed the agree-

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ment, of course, cannot invalidate the waiver provision. We hold that Magueflor has failed to establish ineffective assistance of counsel prior to the plea agreement's entry since there is evidence that Magueflor's lawyer did in fact warn him that consecutive sentencing was a possibility. *Cf. Washington v. Lampert,* 422 F.3d 864, 871 (9th Cir.2005). Even if the waiver provision were invalid, we would still affirm the district court because Magueflor suffered no prejudice when his lawyer failed to raise the concurrent/consecutive issue at sentencing. As the district court stated, the seriousness and distinctness of Magueflor's two crimes would have resulted in consecutive sentences no matter what his lawyer did.

**AFFIRMED.**