**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-15461 |
| Plaintiff - Appellee, | D.C. Nos.   2:07-cv-01609-LRH |
| v. | 2:02-CR-00186-LRH |
| JESUS ESTRADA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Jesus Estrada appeals from the district court's order denying his motion for

relief under 28 U.S.C. § 2255. We have jurisdiction under to 28 U.S.C. § 2253,

and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The Government contends that Estrada's waiver of his right to appeal his sentence in a plea agreement bars this appeal. We disagree, because the plea agreement "did not expressly waive the right to bring a § 2255 motion." *See United States v. Pruitt*, 32 F.3d 431, 432-33 (9th. Cir 1994); *United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000).

Estrada contends that his sentence violates the Due Process Clause because there was no evidentiary support for the district court's imposition of a two-level role enhancement to his base offense level under U.S.S.G. § 3B1.1(c). We affirm because the record reflects that Estrada exercised authority over, and was responsible for organizing, a coconspirator. *See United States v. Maldonado*, 215 F.3d 1046, 1050 (9th Cir. 2000) ("A single incident of persons acting under a defendant's direction is sufficient evidence to support a two-level role enhancement.").

Estrada also contends that it was impermissible for the district court to impose the enhancement where the government opposed it, and he objected to the Presentence Report ("PSR") on the grounds that he was not a leader under the Guidelines. Those contentions are unpersuasive. *See Maldonado*, 215 F.3d at 1051 (citing *United States v. Milton*, 153 F.3d 891, 897 (8th Cir. 1998) for the proposition that "where government and defendant both opposed PSR

recommendation, the court did not err by relying on facts presented in the PSR to establish a role enhancement under U.S.S.G. § 3B1.1."); *United States v. Riley*, 335 F.3d 919, 931 (holding that, absent actual evidence contradicting a PSR, "an uncontradicted PSR alone is sufficient to uphold a district court's findings").

Estrada also contends that the district court relied on unreliable evidence. The record belies this contention.

**AFFIRMED**.