**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 5 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-35495 |
| Plaintiff-Appellee, | D.C. Nos. 2:17-cv-00282-WFN |
| v. | 2:15-cr-00118-WFN-1 |
| TERRENCE KINARD, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Submitted June 2, 2020[**]
Seattle, Washington

Before: GOULD, BEA, and MURGUIA, Circuit Judges.

Terrence Kinard appeals the denial of his habeas motion under 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Kinard was charged with and pleaded guilty to (1) one count of conspiracy to distribute five grams or more of actual (pure) methamphetamine in violation of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii) and 21 U.S.C. § 846; and (2) two counts of distribution of a controlled substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).  The district court sentenced Kinard to 120 months imprisonment.  In doing so, the court adopted the presentence report's finding that Kinard is a career offender pursuant to § 4B1.1(a) of the United States Sentencing Guidelines ("U.S.S.G.") based on two prior qualifying convictions:  (1) a 2008 federal conviction for possession with intent to distribute cocaine; and (2) a 2002 state conviction under Washington law for possession with intent to deliver marijuana.  Kinard did not pursue a direct appeal.

1.     In his written plea agreement, Kinard waived his right to file post-conviction motions collaterally attacking his conviction and sentence under 28 U.S.C. § 2255, except for motions based upon ineffective assistance of counsel. Kinard does not challenge the validity or scope of the waiver.  Therefore, he waived his right to collaterally attack his sentence in this habeas proceeding.  *See United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) ("[A] defendant may waive the statutory right to file a § 2255 petition challenging the length of his sentence [in a plea agreement]." (citing *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993))).

2.     To the extent Kinard's motion raises an ineffective assistance of counsel claim, his claim fails.  Kinard argues that his counsel was ineffective by

failing to object to the 2002 state conviction, which he claims did not qualify as a predicate offense for the career offender enhancement. But the 2002 conviction was indeed a qualifying offense at the time of sentencing.

Kinard qualifies as a career offender under the Sentencing Guidelines if: (1) he "was at least eighteen years old at the time [he] committed the instant offense of conviction"; (2) "the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense"; and (3) he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). A "controlled substance offense" as used in § 4B1.1 means:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

*Id.* § 4B1.2(b). Kinard's 2002 state conviction for possession with intent to distribute marijuana, for which he served over a year in custody, was plainly a qualifying controlled substance offense. Therefore, the conviction was a proper predicate offense, and Kinard has failed to identify any basis that would have rendered defense counsel's conduct unconstitutionally ineffective. *See Strickland v. Washington*, 466 U.S. 668, 690 (1984) ("[A] court deciding an . . . ineffectiveness claim must judge the reasonableness of counsel's challenged

3

conduct on the facts of the particular case, viewed as of the time of counsel's conduct."); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994) (same).

**AFFIRMED**.