UNITED STATES of America,
Plaintiff–Appellant,

v.

Howard HANDA, Defendant–Appellee.

No. 96–16468.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 11, 1997.

Decided March 26, 1997.

As Amended on Grant of Rehearing
Aug. 4, 1997.

---

Louis A. Bracco, Assistant United States Attorney, Honolulu, Hawaii, for plaintiff-appellant.

Sharon G. Kramer, Chicago, Illinois, for defendant-appellee.

Before: JOHN T. NOONAN, Jr. and O'SCANNLAIN, Circuit Judges, and RHOADES, * District Judge.

JOHN T. NOONAN, Jr., Circuit Judge:

The United States appeals the refusal of the district court to resentence Howard Handa after his conviction and sentence for viola-

* Honorable John S. Rhoades, Sr., Senior United States District Judge for the Southern District of California, sitting by designation.

tion of 18 U.S.C. § 924(c)(1) was vacated. We vacate the sentence imposed by the district court and remand for resentencing.

### PROCEEDINGS

On May 17, 1990 Handa was convicted of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). We affirmed his convictions in an unpublished memorandum of September 9, 1991. Following the decision of the United States Supreme Court in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), Handa brought a petition under 28 U.S.C. § 2255 to correct his sentence for use of a firearm. The government agreed that his conviction and sentence on that count had to be vacated, and the district court vacated that conviction and sentence. At the same time the government sought resentencing as to Handa's conviction for violation of 21 U.S.C. § 841(a)(1). Citing relevant circuit precedents, the district court held that it had no authority to increase the sentence on the remaining count when one count was vacated pursuant to a Rule 35(c) motion. The court reasoned that, as to the correction of a sentence, motions under Rule 35 and petitions under § 2255 are interchangeable. *See, e.g., United States v. Fowler,* 794 F.2d 1446, 1448 (9th Cir.1986). Lacking the power to resentence, the district court declined to do so. The government appeals.

### ANALYSIS

In the clearest possible language we have held:

> [A] district court does not have inherent power to resentence defendants at any time. Its authority to do so must flow either from the court of appeals mandate under 28 U.S.C. § 2106 (1982) or from Federal Rule of Criminal Procedure 35.

*United States v. Minor,* 846 F.2d 1184, 1187 (9th Cir.1988). *Accord, United States v. Lewis,* 862 F.2d 748, 750–51 (9th Cir.1988).

■ *Minor,* however, did not address the power of the district court under 28 U.S.C. § 2255. Section 2255 "expressly vests some power in the district court.... '[T]he court shall vacate and set the judgment aside and shall ... resentence him ... or correct the sentence *as may appear appropriate.*'" *United States v. Rodriguez,* 112 F.3d 26, 29 (1st Cir.1997) (quoting 28 U.S.C. § 2255) (emphasis added).

> The plain language of § 2255 does not support [the] argument that in all circumstances, the court is limited in its resentencing options to only the count challenged in the motion. Instead, the plain language does not restrict the word "sentence" and authorizes the court to act "as may appear appropriate." Thus, it confers upon the district court broad and flexible power in its actions following a successful § 2255 motion.

*United States v. Davis,* 112 F.3d 118, 121 (3d Cir.1997) (citation omitted).

This broad and flexible power is derived from the equitable nature of habeas corpus relief. *United States v. Hillary,* 106 F.3d 1170, 1172 (4th Cir.1997); *see also* 1 James S. Liebman & Randy Hertz, *Federal Habeas Corpus Practice and Procedure* § 2.2 (2d ed. 1994).

In reaching this conclusion we reach the result already reached in the District of Columbia, the First, Third, Fourth, Fifth, Seventh and Eighth Circuits. *United States v. Morris,* 116 F.3d 501 (D.C.Cir.1997); *United States v. Rodriguez,* 112 F.3d 26 (1st Cir. 1997); *United States v. Davis,* 112 F.3d 118 (3d Cir.1997); *United States v. Hillary,* 106 F.3d 1170 (4th Cir.1997); *United States v. Rodriguez,* 114 F.3d 46 (5th Cir.1997); *United States v. Smith,* 103 F.3d 531 (7th Cir. 1996), *cert. denied,* 117 S.Ct. 1861 (1997); *United States v. Harrison,* 113 F.3d 135 (8th Cir.1997).

The practical appeal of the approach of these circuits is thoughtfully explained in *Smith* and commented on again by the Seventh Circuit in *United States v. Binford,* 108 F.3d 723, 728 (7th Cir.), *cert. denied,* ——

U.S. ——, 117 S.Ct. 2530, 138 L.Ed.2d 1029 (1997). The court construes the multiple sentences given a defendant convicted of more than one count of a multiple count indictment as "a package," reflecting the likelihood that the sentencing judge will have attempted to impose an overall punishment taking into account the nature of the crimes and certain characteristics of the criminal. When part of the sentence is set aside as illegal, the package is "unbundled." After the unbundling the district court is free to put together a new package reflecting its considered judgment as to the punishment the defendant deserves for the crimes of which he is still convicted. *Id.* at 728.

The metaphors of "package" and "unbundling" are attractive and appear to reflect the realities of sentencing. Under 18 U.S.C. § 3742 a sentence may be appealed and the appellate court may "remand the case for further sentencing proceedings." § 3742(f)(1). In the case of such a remand it has been repeatedly held that this court has the authority to vacate all of the sentences imposed and to authorize the district court to begin the sentencing process afresh. *United States v. Lopez,* 100 F.3d 98, 102 (9th Cir. 1996), *cert. denied,* 117 S.Ct. 1824 (1997) (citing 28 U.S.C. § 2106). To that extent, the concept of a sentencing "package" has been read into the statutory authorization of direct appeal and subsequent resentencing. No reason appears why the same metaphor should not be used under § 2255.

The Seventh Circuit itself has suggested some doubt as to its analysis: "[i]t strikes us as odd that a district court may so easily circumvent the Double Jeopardy Clause (in a § 2255 proceeding, no less, which is a remedy exclusive to prisoners).... [W]e believe we have stretched the conceptual fiction of the sentencing package to its limit." *Binford,* 108 F.3d at 729–30. Impressed as we are by the practicality of the Seventh Circuit approach, we are not moved by its own later hesitation.

■ Handa argues earnestly that resentencing under the Guidelines after he has prevailed in setting aside the firearms count

of conviction is unfair. That view of the matter goes too far in treating sentencing as a kind of game. The facts are that at the time of his arrest Handa had in his car a gun. Although the gun was without ammunition, this forbidden possession put him at the risk of sentencing enhancement when he was convicted of the drug offense. The enhancement was only blocked by the separate conviction and sentence on the gun charge. The removal of the gun conviction and sentence puts him back in the situation he was in under the law at the time of his arrest. We have already held that resentencing of this kind does not constitute double jeopardy. *Moreno–Hernandez,* 48 F.3d at 1116. There is, therefore, no constitutional barrier to the district court imposing a sentence, and no unfairness in imposing a sentence that the Guidelines make appropriate for Handa's conduct.

Handa's sentence is **VACATED**, the case is **REMANDED** for resentencing.