**UNITED STATES of America, Plaintiff–Appellee,**

v.

**William Scott BARRON; Jr., Defendant–Appellant.**

### No. 96–36058.

United States Court of Appeals, Ninth Circuit.

March 6, 1998.

Rehearing En Banc Granted and Opinion Withdrawn April 7, 1998.*

Before: WALLACE, JOHN T. NOONAN and DAVID R. THOMPSON, Circuit Judges.

## ORDER

The opinion filed October 22, 1997 is amended to include Judge Noonan's dissent.

NOONAN, Circuit Judge, dissenting.

"A plea agreement does not waive the right to bring a § 2255 motion unless it does so expressly." *United States v. Pruitt,* 32 F.3d 431, 433 (9th Cir.1994). When a § 2255 motion is brought to vacate a conviction and sentence that is illegal by virtue of a later decision of the United States Supreme Court, the government cannot treat the motion as a breach of the plea bargain. *United States v. Sandoval–Lopez,* 122 F.3d 797, 802 (9th Cir. 1997). The plea agreement is "a simple contract." *Id.* The government cannot repudiate it when the defendant has not breached it.

Now it is contended that the government's bargain does not bind the court's equitable powers in granting § 2255 relief and that, under *United States v. Handa,* 122 F.3d 690 (9th Cir.1997), sentencing is a package that may be unbundled when one part of the package is set aside as illegal. That contention does not do justice to the contract that binds the government. The government is not free to repudiate the contract.

*Handa* was strong in emphasizing the practicalities of sentencing. An equally strong appreciation of the practicalities of sentencing cannot accept a distinction between what the government has promised and what the district court does. District courts do not act in a vacuum; they respond to motions and arguments. In the present case the government contended, and the district court ruled, that the petitioner had breached his bargain by seeking to have the illegal sentence vacated. That was error. *Sandoval–Lopez, supra.* The government was bound by its bargain not to change the agreement. When the government took the position that no § 2255 relief should be granted without redoing the agreement or vacating the agreement entirely, the government acted contrary to its contractual obligation. It does so now on appeal by arguing for the position it took in the district court. The fine line between what the government does and what the district court does is not a practical line to draw.

*Handa* was decided, after rehearing, on August 4, 1997. *Sandoval–Lopez* was decided on August 8, 1997. The two cases are not

* Pursuant to G.O. § 3.2.g, Judge Browning has been drawn as the replacement for Judge Norris, who has retired from the court.

* For withdrawing order, see 1998 WL 168873.

in conflict. *Handa* adopts what it terms the metaphor of packaging to permit resentencing after an illegal sentence has been set aside. *Handa* says nothing about the government's obligation to keep its word after making a plea bargain, *Sandoval–Lopez* does.

Nor is the district court free to set aside a plea bargain that it has approved. Fed. R.Crim.P. 11 deprives the district court of any authority except in the case of fraud. *United States v. Partida–Parra*, 859 F.2d 629, 632 (9th Cir.1988). The court, once it has approved the agreement, is bound just as much as the government is bound. *United States v. Ritsema*, 89 F.3d 392, 401 (7th Cir.1996); *United States v. Fagan*, 996 F.2d 1009, 1013 (9th Cir.1993); *United States v. Olesen*, 920 F.2d 538, 540–41 (8th Cir.1990).

We cannot comply with *Sandoval–Lopez* and permit the government to argue for Barron's resentencing or trial. We cannot with due regard for the honor of the government allow the government to renege on its contract. We cannot by an artificial and impractical distinction hold that the government complies with its contract when it argues for resentencing or trial. We cannot comply with *Partida–Parra* and *Fagan* and allow the district court to set aside a plea agreement it has approved. We cannot function as a circuit if we do not respect the controlling precedents.