145 F.3d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joel LOBO-OSUNA, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Roberto Ramirez-Rangel, Defendant-Appellant.
 Nos. 97-10236, 97-10237.
D.C. No. CR-96-00167-RCB.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 14, 1998.
Decided May 1, 1998.
 
 1
 Appeals from the United States District Court for the District of Arizona, Robert C. Broomfield, District Judge, Presiding.
 
 
 2
 Before NOONAN and TROTT, Circuit Judges, and WALLACH.**
 
 
 3
 MEMORANDUM*
 
 
 4
 Joel Lobo-Osuna and Roberto Ramirez-Rangel (Appellants) challenge the sentences imposed by the district court on remand. We affirm Appellants's new sentences.
 
 
 5
 In 1994, Appellants were convicted of: possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (1994); use of a firearm in drug trafficking, in violation of 18 U.S .C. § 924(c) (1994); and for being illegal aliens in possession of firearms, in violation of 18 U.S.C. § 922(g)(5) (1994). Their convictions resulted from a sting operation in which the government traded machine guns for 424.73 grams of Appellants's methamphetamine. The government used a confidential informant to set up the sting.
 
 
 6
 At sentencing, the district judge refused to depart downward from the thirty year mandatory sentence on the firearm conviction. Instead, he granted a ten-level downward departure on the methamphetamine conviction in order to compensate for the magnitude of Appellants's overall sentences.
 
 
 7
 Appellants appealed their convictions. They also appealed their sentences on the firearms convictions. They claimed the government engaged in sentencing entrapment by trading machine guns rather than regular firearms for the methamphetamine, resulting in a twenty-five year difference in their sentences. See 18 U.S.C. § 924(c) (the court imposes a five year sentence for the use of firearms in drug trafficking and thirty years for the use of machine guns in the same offense).
 
 
 8
 In United States v. Ramirez-Rangel, 103 F.3d 1501, 1509 (9th Cir.1997), this court affirmed all of Appellants's convictions and the sentences imposed on their convictions for being illegal aliens in possession of firearms. However, we remanded the case for the district court to hold an in camera hearing to determine whether the government's confidential informant had relevant and helpful information regarding the issue of sentencing entrapment. We vacated Appellants's sentences on both the firearms and methamphetamine convictions because the district judge had made those sentences "expressly dependant" on one another.
 
 
 9
 On remand, the government stipulated that the firearms were rifles rather than machine guns in order to protect the identity of its confidential informant. Accordingly, the district judge reduced Appellants's sentences from thirty years to five years on their firearms convictions. He resentenced Appellants on their other convictions as well.
 
 
 10
 Appellants appeal their sentences for a second time, claiming that the district court exceeded the scope of the sentencing remand by resentencing them on every conviction. They also contend the district court judge erred by refusing to reinstate the ten-level downward departure he had granted earlier on the methamphetamine convictions.
 
 
 11
 This court reviews the legality of a sentence de novo. United States v. Fine, 975 F.2d 596, 599 (9th Cir.1992). The sentencing court's application of the Sentencing Guidelines is reviewed for abuse of discretion. United States v. Parilla, 114 F.3d 124, 126 (9th Cir.1997).
 
 
 12
 "[T]his court construes [ ] multiple sentences given [to] defendant[s] convicted of more than one count of a multiple count indictment as 'a package'.... When part of the sentence is set aside as illegal, the package is 'unbundled.' After the unbundling the district court is free to put together a new package reflecting its considered judgment as to the punishment the defendant deserves...." United States v. Handa, 122 F.3d 690, 692 (9th Cir.1997). Furthermore, "[w]here a sentence exceeds the district court's authority, [this court's] practice is to vacate the entire sentence and remand for resentencing." United States v. Ponce, 51 F.3d 820, 826 (9th Cir.1995) (quotation and citation omitted). There is a strong presumption that this practice is followed. Id. Thus, this court has held that a district judge can start over on all sentences unless there is clear evidence that the prior panel limited the sentencing remand. Id.
 
 
 13
 Following the directions given to him on remand, the district court judge resentenced Appellants on their methamphetamine convictions after he resentenced them on their firearms convictions. Appellants's new sentences on the methamphetamine convictions are valid, lawfully imposed sentences under the Sentencing Guidelines. See 21 U.S.C. § 841(1)(1); U.S. Sentencing Guidelines Manual (U.S.S.G.) §§ 2D1.1(a)(3), (c)(3). Furthermore, the district judge did not abuse his discretion by refusing to reinstate the ten-level downward departure he had granted earlier. He was free to rebundle the sentencing package on remand in order to impose an overall sentence that reflected his considered judgment as to the punishment Appellants deserved. See Handa, 122 F.3d at 692.
 
 
 14
 Although this court affirmed Appellants's convictions and sentences for being illegal aliens in possession of firearms, we did not explicitly limit the sentencing remand. Thus, the district judge was within his discretion to resentence Appellants on those convictions as well. Moreover, the sentences on those counts are automatically calculated based on Appellants's methamphetamine convictions. See U.S.S.G. §§ 2K2.1(c)(1), 2X1.1 (sentences imposed should be of the same duration and should run concurrently with the sentences imposed on underlying drug offenses). Thus, the district judge neither imposed illegal sentences nor abused his discretion when he rebundled Appellants's entire sentencing packages on their multiple count convictions.
 
 
 15
 AFFIRMED.
 
 
 
 **
 The Honorable Evan J. Wallach, United States Court of International Trade, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3