262 F.3d 1024 (9th Cir. 2001)
 UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE
v.
FRANK JESUS RODRIGUEZ, A.K.A. LAPRADA, DEFENDANT-APPELLANT
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE
v.
JOSE RAMON LAPRADA-TREVINO, A.K.A. JOSE PEPE LAPRADA, DEFENDANT-APPELLANT
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE
v.
PEDRO HERNANDEZ, DEFENDANT-APPELLANT
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE
v.
PEDRO HERNANDEZ, DEFENDANT-APPELLANT
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE
v.
PEDRO HERNANDEZ, DEFENDANT-APPELLANT
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE
v.
ROBERTA HERNANDEZ, DEFENDANT-APPELLANT
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE
v.
ROBERTA HERNANDEZ, DEFENDANT-APPELLANT
 Nos. 99-30219 to 99-30225
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Argued and Submitted August 6, 2001
Filed August 28, 2001
 NOTE: SEE AMENDED ORDER AND OPINION OF MARCH 5, 2002.
 
 Counsel: Susan Bryson Fox, Stephen G. Ralls, Ralls, Fox & Jones, P.C., Tucson, Arizona, for defendant-appellant Frank Jesus Rodriguez.
 Francisco Leon, Tucson, Arizona, for defendant-appellant Jose Ramon Laprada-Trevino.
 Timothy J. Cavan, Federal Defenders of Montana, Billings, Montana, for defendant-appellant Pedro Hernandez.
 Kelly J. Varnes, Hendrickson, Everson, Noenning & Woodward, P.C., Billings, Montana, for defendant-appellant Roberta Hernandez.
 James E. Seykora, Bernard F. Hubley, Asssitant United States Attorneys, Billings, Montana, for the plaintiff-appellee.
 Appeal from the United States District Court for the District of Montana Jack D. Shanstrom, District Judge, Presiding D.C. Nos. CR-97-00124-1-JDS; CR-97-00124-3-JDS; CR-97-00124-4-JDS; CR-97-00025-JDS; CR-98-00120-JDS; CR-98-00120-2-JDS; CR-97-00124-5-JDS
 Before: John T. Noonan, A. Wallace Tashima, and Richard C. Tallman, Circuit Judges.
 
 Noonan, Circuit Judge
 OPINION
 
 1
 Frank Rodriguez, Jose Ramon Laprada-Trevino, Pedro Hernandez and Roberta Hernandez appeal their convictions following a jury trial and sentences for drug dealing and money laundering. In a separate memorandum disposition filed with this opinion, we affirm the judgments of conviction. In this opinion, we address, the Apprendi issue raised by the sentences imposed.
 
 PROCEEDINGS
 
 2
 Defendants were found guilty and sentenced as follows:
 
 
 3
 Pedro Hernandez Sentence
Count 1 Conspiracy to possess with intent to distribute and
 Life imprisonment to distribute marijuana in violation of 
 21 U.S.C. §§§§ 841(a)(1) & 846 and
 18 U.S.C. §§ 2.
Count 2 Possession with intent to distribute and/or distribute Life 
 imprisonment over 100 kilograms of marijuana in violation of 21
 U.S.C. §§ 841(a)(1) and 18 U.S.C. §§
 2.
Count 3 Distribution of 6 to 8 pounds of marijuana in violation 10 years
 of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. §§ 2.
Count 4 Distribution of 12 pounds of marijuana in violation of 10 years
 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. §§ 2.
Count 5 Distribution of marijuana in violation of 21 U.S.C. 10 years
 §§ 841(a)(1) and 18 U.S.C. §§ 2.
Count 6 Possession with intent to distribute and/or distribution Life
 imprisonment of over 100 kilograms of marijuana in violation of
 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. §§ 2.
Count 7 Possession with intent to distribute and/or distribution 10 years
 of 58 pounds of marijuana in violation of 21 U.S.C. §§
 841(a)(1) and 18 U.S.C. §§ 2.
Count 8 Possession with intent to distribute and/or distribution of 30 years
 over 140 pounds of marijuana in violation of 21 U.S.C. §§
 841(a)(1) and 18 U.S.C. §§ 2.
Count 9 Transfer by wire of the proceeds from the distribution 20 years per count 
through 18 of marijuana, in violation of 18 U.S.C. §§
 1956(a)(1)(A)(1) and 18 U.S.C. §§ 2.
 
 
 4
 Roberta Hernandez
Count 1 10 years
Count 2 10 years
Count 3 5 years
Count 4 5 years
Count 5 5 years
Count 6 10 years
 
 
 5
 Count 7 5 years
Count 8 10 years
Count 9-18 10 years per count
 
 
 6
 Jose Ramon Laprada-Trevino
Count 1 14 years 7 months
Count 2 14 years, 7 months
Count 3 10 years
Count 4 5 years
Count 5 5 years
Count 7 5 years
Count 8 14 years, 7 months
Count 9-18 14 years, 7 months per count
 
 
 7
 Frank Rodriguez
Count 1 20 years
Count 2 20 years
Count 3 10 years
Count 4 5 years
Count 5 5 years
 20 years
Count 7 5 years
Count 8 20 years
Count 9-18 20 years per count
 
 
 8
 All sentences are concurrent. They were imposed on June 16, 1999. Apprendi v. New Jersey, 530 U.S. 466 (2000), holds that a judge cannot impose a criminal sentence exceeding the statutory maximum for the crime of which the jury has found the defendant guilty. Argument based on Apprendi could not have been made at the sentencing of these appellants. They now appeal their sentences, alleging a violation of Apprendi.
 
 ANALYSIS
 
 9
 The "plain error" standard of review applies. The error must be shown to have "affected the outcome of the district court proceedings." United States v. Olano , 507 U.S. 725, 734 (1993). At sentencing the district court found by a preponderance of the evidence that Pedro Hernandez had been responsible for the distribution of 1,000 kilograms or more of marijuana and imposed the maximum sentence of life imprisonment. The sentence was erroneous under Apprendi. The error resulted in the imposition of life sentences under 21 U.S.C. §§ 841(b)(1)(A)(vii).
 
 
 10
 The government attempts to salvage the sentence by pointing to Counts 2 and 6 in the indictment charging Hernandez with more than 100 kilograms of marijuana. The difficulty is that the jury was expressly instructed that the government was not required to prove "the amount or quantity of marijuana . . . charged in the indictment. It need only prove beyond a reasonable doubt that there was a measurable or detectable amount . . . ." Under these instructions, the jury cannot be supposed to have determined the amount, and Pedro Hernandez's life sentence cannot stand.
 
 
 11
 Pedro Hernandez's sentences on counts 3, 4, 5, 7 and 9 through 18 are within the statutory maximums. The other sentences are not. As the total sentence was a package, United States v. Handa, 122 F.3d 690, 691-92 (9th Cir. 1997), we remand for resentencing of Pedro Hernandez on all counts of conviction.
 
 
 12
 Pedro Hernandez's sentence in the money laundering case (No. 99-30222) was imposed during a consolidated sentencing hearing. Because the district court calculated the sentence in that case based on a guideline which considered the quantity of drugs involved in the marijuana conspiracy case, Pedro Hernandez's sentence in the money laundering case is vacated and remanded for sentencing separate from the marijuana conspiracy sentences.
 
 
 13
 Roberta Hernandez, Laprada-Trevino and Rodriguez received sentences as though it had been determined that they were responsible for 1,000 kilograms of marijuana. The sentences were erroneous under Apprendi. However, Defendants' sentences for the money laundering offenses related to the marijuana conspiracy case are not erroneous and are equal to or exceed the sentences for the other offenses. Total sentences for Roberta Hernandez, Laprada-Trevino and Rodriguez are within the statutory maximum for offenses of which they were convicted. Therefore, the Apprendi error was harmless and the sentences are affirmed. See United States v. Kentz, 251 F.3d 835, 841-42 (9th Cir. 2001).
 
 
 14
 The sentences of Roberta Hernandez, Laprada-Trevino and Rodriguez are AFFIRMED. Pedro Hernandez's sentences are VACATED and REMANDED for resentencing.