285 F.3d 759
 UNITED STATES of America, Plaintiff-Appellee,
v.
Frank Jesus RODRIGUEZ, a.k.a. Laprada, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Jose Ramon Laprada-Trevino, a.k.a. Jose Pepe Laprada, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Pedro Hernandez, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Pedro Hernandez, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Pedro Hernandez, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Roberta Hernandez, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Roberta Hernandez, Defendant-Appellant.
 No. 99-30219.
 No. 99-30220.
 No. 99-30221.
 No. 99-30222.
 No. 99-30223.
 No. 99-30224.
 No. 99-30225.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted August 6, 2001.
 Filed August 28, 2001.
 Amended March 5, 2002.
 
 Susan Bryson Fox, Stephen G. Ralls, Ralls, Fox & Jones, P.C., Tucson, AZ, for defendant-appellant Frank Jesus Rodriguez.
 Francisco Leon, Tucson, AZ, for defendant-appellant Jose Ramon Laprada-Trevino.
 Timothy J. Cavan, Federal Defenders of Montana, Billings, MT, for defendant-appellant Pedro Hernandez.
 Kelly J. Varnes, Hendrickson, Everson, Noenning & Woodward, P.C., Billings, MT, for defendant-appellant Roberta Hernandez.
 James E. Seykora, Bernard F. Hubley, Asssitant United States Attorneys, Billings, MT, for the plaintiff-appellee.
 Appeal from the United States District Court for the District of Montana, Jack D. Shanstrom, District Judge, Presiding. D.C. Nos. CR-97-00124-1-JDS, R-97-001243-JDS, CR-97-00124-4-JDS, CR-97-00124-5-JDS.
 Before NOONAN, TASHIMA, and TALLMAN, Circuit Judges.
 ORDER AND AMENDED OPINION
 NOONAN, Circuit Judge:
 
 ORDER
 
 1
 The opinion filed on August 28, 2001 is amended as follows:
 
 
 2
 At slip opinion, p. 11785, ¶ 5: Strike "the sentences were erroneous ... (9th Cir.2001)."
 
 Substitute the following:
 
 3
 Their sentences were determined by the court pursuant to the Sentencing Guidelines, and so did not involve Apprendi error. United States v. Buckland, 277 F.3d 1173, 1185 (9th Cir.2002) (en banc). Because the guidelines maximums applicable to each defendant for their drug offenses were much higher than the 5-year statutory maximums for those offenses, the sentencing court must for each defendant "stack," or add together, his or her separate sentences under U.S.S.G. § 5G1.2(d). United States v. Kentz, 251 F.3d 835, 842 (9th Cir.2001). Each defendant was convicted of 8 counts each carrying a 5-year maximum, yielding imprisonment terms that exceed the actual sentences each defendant received.
 
 
 4
 With these amendments, the panel has voted to deny the petition for rehearing. Judges Tashima and Tallman voted to reject the petition for rehearing en banc and Judge Noonan recommended rejection of the petition for rehearing en banc.
 
 
 5
 The full court has been advised of the petition for en banc rehearing, and no judge of the court has requested a vote on the petition for rehearing en banc. Fed.R.App. P. 35(b).
 
 
 6
 The petition for rehearing is DENIED, and the petition for rehearing en banc is REJECTED.
 
 OPINION
 
 7
 Frank Rodriguez, Jose Ramon Laprada-Trevino, Pedro Hernandez and Roberta Hernandez appeal their convictions following a jury trial and sentences for drug dealing and money laundering. In a separate memorandum disposition filed with this opinion, we affirm the judgments of conviction. In this opinion, we address, the Apprendi issue raised by the sentences imposed.
 
 PROCEEDINGS
 
 8
 Defendants were found guilty and sentenced as follows:
 
 
 9
 Pedro Hernandez Sentence

Count 1 Conspiracy to possess with intent to distribute and to Life imprisonment
 distribute marijuana in violation of 21 U.S.C.
 §§ 841(a)(1) & 846 and 18 U.S.C. § 2.

Count 2 Possession with intent to distribute and/or distribute Life imprisonment
 over 100 kilograms of marijuana in violation of 21 U.S.C.
 § 841(a)(1) and 18 U.S.C. § 2.

Count 3 Distribution of 6 to 8 pounds of marijuana in violation 10 years
 of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

Count 4 Distribution of 12 pounds of marijuana in violation of 21 10 years
 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

Count 5 Distribution of marijuana in violation of 21 U.S.C. 10 years
 § 841(a)(1) and 18 U.S.C. § 2.

Count 6 Possession with intent to distribute and/or distribution Life imprisonment
 of over 100 kilograms of marijuana in violation of 21
 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

Count 7 Possession with intent to distribute and/or distribution 10 years
 of 58 pounds of marijuana in violation of 21
 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

Count 8 Possession with intent to distribute and/or distribution 30 years
 of over 140 pounds of marijuana in violation of 21
 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

Count 9 Transfer by wire of the proceeds from the distribution 20 years per count
 through 18 of marijuana, in violation of 18 U.S.C.
 § 1956(a)(1)(A)(1) and 18 U.S.C. § 2.

 Roberta Hernandez

Count 1 10 years
Count 2 10 years
Count 3 5 years
Count 4 5 years
Count 5 5 years
Count 6 10 years
Count 7 5 years
 
 
 10
 Count 8 10 years
Counts 9-18 10 years per count

 Jose Ramon Laprada-Trevino
Count 1 14 years 7 months
Count 2 14 years, 7 months
Count 3 10 years
Count 4 5 years
Count 5 5 years
Count 6 14 years, 7 months
Count 7 5 years
Count 8 14 years, 7 months
Counts 9-18 14 years, 7 months
 per count
 Frank Rodriguez
Count 1 20 years
Count 2 20 years
Count 3 10 years
Count 4 5 years
Count 5 5 years
Count 6 20 years
Count 7 5 years
Count 8 20 years
Count 9-18 20 years per count
 
 
 11
 All sentences are concurrent. They were imposed on June 16, 1999. Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), holds that a judge cannot impose a criminal sentence exceeding the statutory maximum for the crime of which the jury has found the defendant guilty. Argument based on Apprendi could not have been made at the sentencing of these appellants. They now appeal their sentences, alleging a violation of Apprendi.
 
 ANALYSIS
 
 12
 The "plain error" standard of review applies. The error must be shown to have "affected the outcome of the district court proceedings." United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). At sentencing the district court found by a preponderance of the evidence that Pedro Hernandez had been responsible for the distribution of 1,000 kilograms or more of marijuana and imposed the maximum sentence of life imprisonment. The sentence was erroneous under Apprendi. The error resulted in the imposition of life sentences under 21 U.S.C. § 841(b)(1)(A)(vii).
 
 
 13
 The government attempts to salvage the sentence by pointing to Counts 2 and 6 in the indictment charging Hernandez with more than 100 kilograms of marijuana. The difficulty is that the jury was expressly instructed that the government was not required to prove "the amount or quantity of marijuana ... charged in the indictment. It need only prove beyond a reasonable doubt that there was a measurable or detectable amount. . . ." Under these instructions, the jury cannot be supposed to have determined the amount, and Pedro Hernandez's life sentence cannot stand.
 
 
 14
 Pedro Hernandez's sentences on counts 3, 4, 5, 7 and 9 through 18 are within the statutory maximums. The other sentences are not. As the total sentence was a package, United States v. Handa, 122 F.3d 690, 691-92 (9th Cir.1997), we remand for resentencing of Pedro Hernandez on all counts of conviction.
 
 
 15
 Pedro Hernandez's sentence in the money laundering case (No. 99-30222) was imposed during a consolidated sentencing hearing. Because the district court calculated the sentence in that case based on a guideline which considered the quantity of drugs involved in the marijuana conspiracy case, Pedro Hernandez's sentence in the money laundering case is vacated and remanded for sentencing separate from the marijuana conspiracy sentences.
 
 
 16
 Roberta Hernandez, Laprada-Trevino and Rodriguez received sentences as though it had been determined that they were responsible for 1,000 kilograms of marijuana. Their sentences were determined by the court pursuant to the Sentencing Guidelines, and so did not involve Apprendi error. United States v. Buckland, 277 F.3d 1173, 1185 (9th Cir.2002) (en banc). Because the guidelines maximums applicable to each defendant for their drug offenses were much higher than the 5-year statutory maximums for those offenses, the sentencing court must for each defendant "stack," or add together, his or her separate sentences under U.S.S.G. § 5G1.2(d). United States v. Kentz, 251 F.3d 835, 842 (9th Cir.2001). Each defendant was convicted of 8 counts each carrying a 5-year maximum, yielding imprisonment terms that exceed the actual sentences each defendant received.
 
 
 17
 The sentences of Roberta Hernandez, Laprada-Trevino and Rodriguez are AFFIRMED. Pedro Hernandez's sentences are VACATED and REMANDED for resentencing.