UNITED STATES of America, Plaintiff—Appellee,

v.

Oscar PERALTA–ROMERO, Defendant—Appellant.

No. 02–16190.

D.C. Nos. CV–01–00353–RCC, CR–98–00821–RCC.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2003.*

Decided Nov. 24, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Oscar Peralta–Romero, pro se, Nogales, AZ, for Petitioner–Appellee.

Robert L. Miskell, Asst. U.S. Atty., USTU–Office of the U.S. Attorney, Tucson, AZ, Paul K. Charlton, Tucson, AZ, for Respondent–Appellant.

Before BEEZER, FISHER, Circuit Judges, and ENGLAND,** District Judge.

## MEMORANDUM***

The United States appeals the district court's order granting Oscar Peralta–Romero's motion pursuant to 28 U.S.C. § 2255 and the district court's subsequent resentencing of Peralta–Romero from sixty to forty-six months. We affirm the district court's order granting Peralta–Romero's § 2255 motion and its judgment resentencing Peralta–Romero to forty-six months in prison.[1]

---

** The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts we recite them here only as necessary to explain our decision.

## I

The government argues that Peralta–Romero's failure to raise a claim under *Apprendi v. New Jersey* on direct review procedurally defaulted the claim. The claim was not procedurally defaulted. *See English v. United States,* 42 F.3d 473, 477–478 (9th Cir.1994).

## II

■■■ We have held that the sentencing range for a defendant found guilty of a crime involving an unspecified amount of marijuana in violation of 21 U.S.C. §§ 841(a) and 846 is zero to five years pursuant to § 841(b)(1)(D) and that exposure to the imposition of five to forty years under § 841(b)(1)(B) amounts to *Apprendi* error. *United States v. Velasco–Heredia,* 319 F.3d 1080, 1085 (9th Cir.2003). The district court noted that Peralta–Romero's co-defendant was convicted under essentially the same circumstances as Peralta–Romero, except that the co-defendant was resentenced in light of *Apprendi.* The sentencing range for Peralta–Romero's co-defendant was thirty-seven to forty-six months. Because Peralta–Romero was sentenced under § 841(b)(1)(B), rather than § 841(b)(1)(D), he received a sentence of sixty months. This error was harmful. The district court properly granted Peralta–Romero's § 2255 motion to resentence on the basis of the *Apprendi* error.

## III

■■■ The government contends that the district court does not possess the inherent power to grant a new sentencing hearing. Under 28 U.S.C. § 2255, a prisoner can move the sentencing court to set aside or correct a sentence which "was imposed in violation of the Constitution or laws of the United States, or ... in excess of the maximum authorized by law, or is otherwise subject to collateral attack." After the district court determined that Peralta–Romero's motion successfully met § 2255's

standards the district court's inherent authority to sentence was broad and flexible. *See United States v. Handa,* 122 F.3d 690, 691 (9th Cir.1997). We affirm the district court's judgment reducing Peralta–Romero's sentence.

**AFFIRMED.**