**Frederick Q. DUMLAO, Petitioner,**

**v.**

**Charles A. DANIELS, Warden, Federal Correctional Institution, Sheridan, Oregon, Respondent.**

**Civil No. 06–1462–HA.**

United States District Court,
D. Oregon.

Feb. 15, 2007.

Stephen R. Sady, Office of the Federal Public Defender, Portland, OR, for Petitioner.

Scott Erik Asphaug, U.S. Attorney's Office, Portland, OR, for Respondent.

## ORDER

HAGGERTY, Chief Judge.

Petitioner has filed a Petition for a Writ of Habeas Corpus [2] pursuant to 28 U.S.C. § 2241. On January 26, 2007, this court rendered a Judgment granting this petition in part. Respondent now moves the court to reconsider its Judgment. This motion [27] is granted in part. The Judgment is vacated and amended, and respondent's accompanying Motion to Stay the prior Judgment [26] is denied as moot.

In support of the Judgment of January 26, 2007, the court issued an Opinion and Order ruling that the Bureau of Prisons (BOP) violated petitioner's rights by failing to make a timely eligibility determination regarding his application seeking placement in the Drug and Alcohol Treatment Program (DAP). Because almost four months elapsed from the time petitioner presented a complete DAP application to the time BOP made a determination of petitioner's eligibility to enter DAP, petitioner argued in part that he was deprived of his opportunity to realize the incentive of a one-year reduction in his sentence to which he would otherwise be entitled. The Bureau of Prisons was ordered in that Judgment to place petitioner into the first DAP class being conducted following the date of Judgment.

Respondent contends that the appropriate remedy for the BOP's procedural due process violation of failing to timely determine his eligibility should be to order BOP to "immediately make that determination." Respondent's Amended Motion For Reconsideration of Judgment at 3. However, the BOP concedes that such a determination has already been made. *Id.* After nearly four months of delay, the BOP determined that petitioner was eligible to participate and was placed on a waiting list consistent with his release date within two weeks of petitioner filing a federal lawsuit to obtain such a determination. Therefore, the remedy the BOP proposes for its due process violation would be meaningless.

More relevant to its Motion for Reconsideration, respondent asserts that:

> [e]ven if inmate Dumlao's paperwork could have been processed the day he originally applied for the program and

even if he was placed on the waiting list that very day, he would be at the same place on the wait list now and would be scheduled to enter the program at the same time as those inmates with similar release date.

Respondent's Amended Motion For Reconsideration of Judgment at 4 (citing Declaration of Dr. Eric Evenson).

In light of this assertion, the court has returned to re-examine this action's record and briefing, including the Reply brief filed by counsel for petitioner on January 10, 2007. In this briefing, petitioner identified that he was challenging specifically the BOP's intention to place petitioner in a "DAP class commencing in May 2008" because such a placement was "inconsistent with normal, statutorily-required BOP practices." Petitioner's Reply at 4. Petitioner acknowledged that the applicable "statute provides that prisoners are scheduled to enter DAP according to their projected release dates and, in the case of those prisoners eligible for early release, their § 3621 projected release date. 18 U.S.C. § 3621(e)(1)(C)." *Id.*

Petitioner then articulated his precise challenge: that the BOP's alleged "deviation" from its standard practice of creating "a wait list that ranks prisoners according to their anticipated release date, whether the § 3621(e) or other projected release date," when determining petitioner's ranking created an "appearance of vindictiveness" against petitioner for successfully challenging the BOP's initial refusal to process his DAP application. *Id.*

■■■ Given this court's "broad and flexible" power to fashion habeas remedies, *see United States v. Handa*, 122 F.3d 690, 691 (9th Cir.1997), the proper remedy here, and the one intended and now reiterated by the court, is to correct what petitioner described as the BOP's "deviation" when determining petitioner's ranking on the DAP wait list. Accordingly, this court's prior Judgment is vacated and amended to the extent that the Judgment failed to compel the BOP to determine petitioner's ranking on the DAP wait list in complete compliance with what petitioner has acknowledged is the BOP's standard practice of creating "a wait list that ranks prisoners according to their anticipated release date, whether the § 3621(e) or other projected release date." Petitioner's Reply at 4.

Counsel's request for an expedited hearing is denied. The court construes respondent's proposed calculation of petitioner's ranking that placed him on the wait list as if he had been determined eligible on "the day he originally applied for the program" (Respondent's Amended Motion For Reconsideration of Judgment at 4), as using the date in mid–2006 when petitioner presented a complete DAP application with sufficient documentation to BOP. Counsel are ordered to confer and to determine petitioner's proper ranking on the DAP wait list as if petitioner had been determined eligible on the day in mid–2006 that he presented a complete DAP application with sufficient documentation to BOP. This ranking shall be in compliance with the BOP's practice of maintaining a wait list that ranks prisoners according to their anticipated release date.

### CONCLUSION

This court has concluded previously that petitioner has alleged a cognizable claim. The petition [2] is granted in part. The Judgment [24] issued on January 26, 2007, however, is vacated and amended in accordance with the reasoning above. Respondent's accompanying Motion to Stay the prior Judgment [26] is denied as moot.

IT IS SO ORDERED.