**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10452 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-08095-GMS-1 |
| v. | |
| JOE ARVISO BENALLY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted April 11, 2016
San Francisco, California

Before: D.W. NELSON, NOONAN, and O'SCANNLAIN, Circuit Judges.

Joe Arviso Benally appeals two counts of conviction arising from the killing

of Carlos Harvey: (1) involuntary manslaughter under 18 U.S.C. §§ 1112 and 1153

and (2) using a firearm in connection with a "crime of violence" under 18 U.S.C.

§ 924(c). We have appellate jurisdiction under 28 U.S.C. § 1291. In a separate

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

opinion, we reverse Benally's § 924(c) conviction because involuntary manslaughter is not a "crime of violence." In this memorandum disposition, we address the balance of his claims.

1. We affirm Benally's conviction for involuntary manslaughter. The district court's limitations on Benally's cross-examination of Donovan Levi did not violate the Confrontation Clause. The various limitations on cross-examination did not exclude evidence relevant to Benally's bias defense or did so in a manner that left sufficient information for the jury to evaluate Donovan's credibility. *See United States v. Larson*, 495 F.3d 1094, 1103 (9th Cir. 2007) (en banc).

The admission of the autopsy photos of the victim's heart and open chest cavity did not create a danger of undue prejudice that substantially outweighed their probative value. *See* Fed. R. Evid. 403. The photos were probative of how the victim died and the level of Benally's intent when the shot occurred. The expert testimony on the cause of death did not make the photos duplicative because a visual depiction may be easier to grasp than medical testimony. Similarly, a stipulation to the cause of death does not relieve the prosecution's burden to "prove every element of the crime." *Estelle v. McGuire*, 502 U.S. 62, 69 (1991); *see Old Chief v. United States*, 519 U.S. 172, 185–89 (1997). While potentially a source of prejudice, the photos were not so gruesome and horrifying that their probative

2

value was substantially outweighed by that danger of prejudice. *See United States v. Boise*, 916 F.2d 497, 504 (9th Cir. 1990) (citing *United States v. Bowers*, 660 F.2d 527, 529–30 (5th Cir. 1981)).

Because the district court did not commit error by limiting Benally's cross-examination or by admitting autopsy photos, Benally's right to a fair trial was not violated. *See United States v. Necoechea*, 986 F.2d 1273, 1282 (9th Cir. 1993).

2. We vacate the involuntary manslaughter sentence and remand to the district court for resentencing. When determining the sentence for a predicate offense, no weapon enhancement can be applied if the defendant is also convicted of using a firearm in connection with a "crime of violence" under § 924(c). *See United States v. Aquino*, 242 F.3d 859, 864–65 (9th Cir. 2001). Having vacated the "crime of violence" conviction, we must remand to determine the effect, if any, of the firearm on the sentence for the predicate offense. *See United States v. Handa*, 122 F.3d 690 (9th Cir. 1997). Because the significance of the firearm is the only factor that may change as a result of this disposition, the district court should only consider whether the firearm's presence justifies a change in Benally's sentence.

3. We vacate the district court's post-release medication condition and remand for reconsideration. The district court shall reconsider its decision to

3

impose the condition and, if it finds such a condition is necessary, shall make the requisite factual findings on the record. *See United States v. Williams*, 356 F.3d 1045, 1055–57 (9th Cir. 2004); *United States v. Weber*, 451 F.3d 552, 567–69 (9th Cir. 2006).

Benally's conviction for involuntary manslaughter is **AFFIRMED**. Benally's sentence for involuntary manslaughter is **VACATED** and **REMANDED**. We **VACATE** Benally's post-release medication condition and **REMAND** for reconsideration and further factual findings.