NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 3 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-419 |
| Plaintiff - Appellee, | D.C. No. 3:19-cr-00495-IM-3 |
| v. | MEMORANDUM* |
| JASON MICHAEL BOMPANE, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-421 |
| Plaintiff - Appellee, | D.C. No. 3:20-cr-00172-IM-1 |
| v. | |
| JASON MICHAEL BOMPANE, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Submitted April 1, 2024**
Portland, Oregon

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: OWENS and FRIEDLAND, Circuit Judges, and ORRICK, District Judge.***

In case No. 23-419, Jason Michael Bompane appeals from his conviction and sentence for conspiracy in violation of 21 U.S.C. § 846. In case No. 23-421, he challenges his sentence for possession with intent to distribute methamphetamine.[1] Bompane pled guilty to both charges (arising out of two separate indictments) and was sentenced during a consolidated sentencing hearing. On appeal, he argues that his conviction in case No. 23-419 should be reversed because the judgment erroneously includes conspiratorial objects (and their corresponding statutory citations), which were alleged in his indictment but that he did not admit in his plea, and that the government did not prove. Exercising jurisdiction under 28 U.S.C. § 1291, we remand for the district court to correct the clerical error in Bompane's judgment in case No. 23-419 pursuant to Federal Rule

***  The Honorable William Horsley Orrick, United States District Judge for the Northern District of California, sitting by designation.

[1] We **DENY** the government's motion for summary affirmance in case No. 23-421. Though we ultimately conclude that Bompane is not entitled to relief in either case No. 23-419 or case No. 23-421, his appeal in case No. 23-421 is not "so unsubstantial as not to need further argument." *United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982) (per curiam) (quoting S.Ct.R. 16(1)(c)). Had Bompane been entitled to resentencing in case No. 23-419, he may have had a colorable argument under the sentencing package doctrine that he also should be resentenced in case No. 23-421. *See United States v. Rodriguez*, 285 F.3d 759, 763–64 (9th Cir. 2002).

2

of Criminal Procedure 36 but otherwise affirm.

1. The government argues that we need not consider Bompane's appeal because he "waive[d] the right to appeal from any aspect of [his] conviction and sentence on any grounds" in his plea agreement. Bompane responds that his appellate waiver does not bar this appeal because the waiver applies only to the charges to which he pled guilty. His argument on appeal is that he was convicted of crimes to which he did *not* plead guilty. If he were correct, then this appeal would be outside the scope of his appellate waiver. As a result, his argument against waiver rises and falls with his argument about the error in the judgment, so we consider that argument on the merits. *Cf. United States v. Dailey*, 941 F.3d 1183, 1188–89 (9th Cir. 2019) ("If [defendant] is correct that her sentence violates the law, then her waiver is unenforceable. If she is incorrect, she has waived her right to appeal. Thus, we turn to the merits of her appeal to determine whether the waiver may be enforced.").

2. The parties agree that Bompane's claims are subject to plain-error review because Bompane did not raise them in the district court. However, as to Bompane's claim that there is an error in his judgment in case No. 23-419, any such error could not have been raised before judgment was entered, so it is not clear that Bompane had an adequate opportunity to object. We need not decide whether de novo review or plain-error review applies because his claim fails even

3

under de novo review.

3. The judgment in Bompane's conspiracy case includes conspiratorial objects that he did not admit in his plea. He argues that the district court thus convicted him of crimes to which he did not plead guilty. Bompane is correct that there is an error in his judgment. *Cf. United States v. Thomas*, 355 F.3d 1191, 1196–98 (9th Cir. 2004) (holding that, "in the absence of an explicit admission at the plea colloquy, a guilty plea encompasses only the elements of the offense . . . [but] not . . . allegations that did not rise to the level of elements"). But he misapprehends the nature of this error. The additional conspiratorial objects in his judgment are not independent crimes. *See United States v. Warren*, 5 F.4th 1078, 1081 (9th Cir. 2021) ("The inclusion of statutory references to both the conspiracy statute and the sections describing the object of the conspiracy . . . cannot properly be read to suggest that Defendant was convicted of more than one crime, nor . . . to suggest that Defendant stands convicted of the crime that was the object of the conspiracy."). Rather, the judgment accurately reflects that the government charged, and Bompane pled guilty to and was convicted of, one crime: conspiracy.

Nor were those additional conspiratorial objects essential elements of the conspiracy charge. The specific object of a conspiracy is not an essential element of the crime, so long as the defendant intended to commit *some* illegal object. *United States v. Jackson*, 167 F.3d 1280, 1283–85 (9th Cir. 1999). Bompane

4

admitted that he had conspired to possess with intent to distribute methamphetamine. That was enough to support his conspiracy conviction.

Finally, the additional conspiratorial objects in Bompane's judgment were not "fact[s] that increase[d] the penalty for [the] crime beyond the prescribed statutory maximum." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). A 21 U.S.C. § 846 conspiracy assumes the punishment for the offense that was the object of the conspiracy; thus, Bompane's conviction for conspiracy to possess with intent to distribute methamphetamine carried the same penalty as a substantive conviction for possession with intent to distribute methamphetamine.

Bompane's *Apprendi* argument would have merit only if one of the additional conspiratorial objects in his judgment increased the maximum or minimum penalty for his conspiracy beyond what it would have been for the object he admitted: possession with intent to distribute methamphetamine. *See Apprendi*, 530 U.S. at 490; *Alleyne v. United States*, 570 U.S. 99, 116 (2013). But possession with intent to distribute methamphetamine itself provides the maximum possible penalty—life imprisonment. 21 U.S.C. § 841(b)(1)(A)(viii). Therefore, the additional conspiratorial objects could not have increased the penalty for Bompane's crime. Possession with intent to distribute methamphetamine also carries a mandatory minimum of ten years, *id.*, and the additional conspiratorial objects did not increase that mandatory minimum, *see id.* § 841(b)(1)(A); U.S.S.G.

§§ 2D1.6; 2D1.8.

In sum, the judgment's erroneous inclusion of the additional conspiratorial objects does not affect the validity of Bompane's conspiracy conviction. Rather, the error in the judgment is best understood as a clerical error remediable under Federal Rule of Criminal Procedure 36. *See United States v. Kilbride*, 584 F.3d 1240, 1262 (9th Cir. 2009). Therefore, we remand for the district court to correct the judgment. On page one of the judgment in case No. 23-419, the district court is directed to delete the words "841(b)(1)(A)(i),843(b),856(a)" and "TO USE A COMMUNICATION FACILITY AND TO MAINTAIN DRUG-INVOLVED PREMISES." After this change, the judgment should list the "Title, Section & Nature of the Offense" as "21:841(a)(1),841(b)(1)(A)(viii), and 846 CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE AND DISTRIBUTE CONTROLLED SUBSTANCES."

3. Because we reject on the merits Bompane's argument that he was convicted of crimes to which he did not plead guilty in case No. 23-419, his appellate waiver applies and bars his additional claim that the sentence based on that conviction was plainly erroneous. His appellate waiver also bars his claim that his sentence in case No. 23-421, which was entered during the same sentencing hearing as his sentence in case No. 23-419, was plainly erroneous.

**REMANDED FOR CLERICAL CORRECTION AND OTHERWISE AFFIRMED**.