**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 9, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff‑Appellee,

v.

CAROLYN ANN BELL,

        Defendant‑Appellant.

No. 09-6110
(D.C. No. 5:08-CR-00303-F-1)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **LUCERO**, and **TYMKOVICH**, Circuit Judges.

---

Carolyn Ann Bell entered a guilty plea to one count of possession with intent to distribute 50 grams or more of cocaine base. Her plea agreement included a waiver of her right to appeal her guilty plea, conviction and sentence. The district court determined that the advisory sentencing guideline range was 262 to 327 months and imposed a sentence of 262 months, at the low end of the range. Ms. Bell has now filed an appeal seeking to challenge the calculation and

---

[*]    This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

reasonableness of her sentence.  The government has moved to enforce the appeal waiver in Ms. Bell's plea agreement pursuant to our decision in *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).  We grant the motion and dismiss the appeal.

In determining whether an appeal should be dismissed based on an appeal waiver, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived [her] appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."  *Id*. at 1325.  Ms. Bell, through counsel, concedes that her appeal falls within the express terms of her appeal waiver and that the waiver of her appeal rights was knowing and voluntary.  She further admits that enforcement of the plea waiver would not result in a miscarriage of justice.

Because Ms. Bell has not established any of the applicable exceptions to the enforcement of her appeal waiver, we conclude that the government's motion to enforce should be granted.  Accordingly, we GRANT the motion and DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM