**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 24, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CAROLYN ANN BELL,

Defendant - Appellant.

No. 11-6080
(D.C. Nos. 5:10-CV-00874-F &
5:08-CR-00303-F-1)
(W.D. Oklahoma)

## ORDER DENYING CERTIFICATE OF APPEALABILITY

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Defendant Carolyn Ann Bell filed a motion for relief under 28 U.S.C.

§ 2255 in the United States District Court for the Western District of Oklahoma.

The court denied the motion and denied Defendant's request for a certificate of

appealability (COA). *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA to appeal

denial of § 2255 relief). Defendant seeks a COA from this court. We grant her

motion to proceed *in forma pauperis* but deny the application for a COA and

dismiss the appeal because she waived her right to pursue a collateral attack on

her conviction or sentence.

## I.     BACKGROUND

On December 2, 2008, Defendant was indicted for possessing 50 grams or more of crack cocaine with intent to distribute. *See* 21 U.S.C. 841(a)(1), (b)(1)(A)(iii) (2008). After reaching an agreement with the government, she pleaded guilty. The plea agreement provided that she could not appeal or collaterally challenge her guilty plea or sentence unless the district court imposed a sentence greater than the range prescribed by the United States Sentencing Guidelines (USSG) after it had determined that range. In return, the government agreed that Defendant was entitled to a downward adjustment in sentence for acceptance of responsibility and that it would not file an information under 21 U.S.C. § 851 to establish her past convictions (which could mandate a life sentence).

The presentence report (PSR) classified Defendant as a career offender because of her two previous convictions for controlled-substance offenses. *See* USSG § 4B1.1(a). Accordingly, her base offense level was 37, *see id.* § 4B1.1(b); 21 U.S.C. § 841(b)(1)(A), which was reduced three levels for her acceptance of responsibility, *see* USSG § 3E1.1. Defendant's adjusted offense level of 34 and criminal-history category of VI resulted in a guideline sentencing range of 262 to 327 months' imprisonment. *See id.* § 4B1.1(b) (all career offenders have a criminal-history category of VI); *id.* Ch. 5, pt. A.

Defendant initially objected to the PSR, arguing that she was not a career offender because her previous convictions were related. *See id.* § 4B1.2(c) (the

two prior felony convictions establishing career-offender status must be convictions that would be counted separately in criminal-history calculation). At the sentencing hearing, however, Defendant's attorney conceded that she was a career offender. Defense counsel also acknowledged that the sentencing-guidelines range was 262 to 327 months, but he argued that a sentence of 120 months would be sufficient. The district court disagreed and imposed a sentence of 262 months' imprisonment.

After Defendant attempted pro se to seek review in this court of her conviction, her attorney filed a notice of appeal. The government moved to dismiss the appeal, arguing that Defendant had waived her right to appeal in the plea agreement. In response to the motion, defense counsel admitted that the appeal was within the scope of the waiver and could state no reason not to enforce it. We dismissed the appeal. *See United States v. Bell*, 343 F. App'x 376, 377 (10th Cir. 2009) (unpublished).

On August 11, 2010, Defendant filed a § 2255 motion pro se. She raised four grounds for relief related to her sentence and one related to her direct appeal. In response, the government argued that the motion should be dismissed both because Defendant's claims were meritless and because she had waived her right to pursue a collateral attack on her conviction and sentence. Defendant's reply included additional claims challenging her guilty plea. The district court determined that the collateral-attack waiver should be enforced and all claims

relating to Defendant's sentencing and appeal should be dismissed; in the alternative, it determined that those claims failed on the merits. As for her claims attacking the validity of the guilty plea and waiver, the court held (1) that the claims were waived because they had not been made in Defendant's initial § 2255 motion and (2) in the alternative, the claims failed on the merits.

## II.    DISCUSSION

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, an applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

Liberally construing Defendant's pro se application for a COA and appellate brief, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), we discern 11 claims: (1) the waiver of her rights to pursue an appeal or collateral attack was invalid because it was entered unknowingly and involuntarily and was the product of ineffective assistance of counsel; (2) the district court's chosen sentence was motivated by racial bias; (3) her attorney was constitutionally ineffective for

failing to investigate her status as a career offender before advising her to plead guilty; (4) the government breached the plea agreement by arguing that she should be sentenced as a career offender; (5) her attorney was ineffective when he conceded that she was a career offender; (6) her attorney made prejudicial statements against her during sentencing and thus became an advocate for the government; (7) her attorney was ineffective for failing to present her cooperation with the government as a reason to depart downward from the guideline sentencing range; (8) classification as a career offender significantly overrepresented her criminal history; (9) the disparity between powder-cocaine and crack-cocaine sentences requires that she be resentenced; (10) she is "'actually innocent'" of being a career offender, COA Appl. at 33; and (11) her attorney was constitutionally ineffective during her appeal.

We first address the claims that relate to the validity of Defendant's waiver and guilty plea. Because the waiver and plea are valid, Defendant has waived all other claims.

**A.     Claims Regarding the Waiver and Guilty Plea**

Defendant argues that the waiver in her plea agreement is invalid and that her attorney was ineffective when advising her to plead guilty. She also argues

that the government breached the plea agreement. We hold that the district court's resolution of these issues on the merits was not debatable or wrong.[1]

### (1) Validity of Waiver

To determine whether Defendant's right to bring her § 2255 motion has been waived, we consider three requirements for enforceability of a waiver: "(1) [that] the disputed [motion] falls within the scope of the waiver of [collateral-attack] rights; (2) [that] the defendant knowingly and voluntarily waived h[er] [collateral-attack] rights; and (3) [that] enforcing the waiver would [not] result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam); *see United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (applying *Hahn* analysis to collateral-attack proceeding). "In determining a waiver's scope, we will strictly construe appeal waivers and any ambiguities in these agreements will be read against the Government." *Hahn*, 359 F.3d at 1325 (brackets and internal quotation marks omitted).

The waiver provision in Defendant's plea agreement reads:

Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense(s) to which she is pleading guilty. Defendant further understands that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, give her the right to appeal the judgment and sentence imposed by the Court.

---

[1] Because Defendant's arguments fail on the merits, we need not determine whether the district court was correct to rule, in the alternative, that Defendant had waived these arguments by failing to include them in her initial memorandum in support of her § 2255 motion.

Acknowledging all this, defendant in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives her right to:

     a. Appeal or collaterally challenge her guilty plea, sentence and restitution imposed, and any other aspect of her conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

     b. Appeal, collaterally challenge, or move to modify under 18 U.S.C. § 3582(c)(2) or some other ground, her sentence imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case. Defendant acknowledges that this waiver remains in full effect and is enforceable, even if the Court rejects one or more of the positions [on sentencing agreed to by the parties].

Plea Agreement at 5–6, *United States v. Bell*, No. 5:08-CR-00303-F (W.D. Okla. Jan. 12, 2009), ECF. No. 22. Noting that the waiver provision does not specifically mention § 2255 motions, Defendant relies on *United States v. Pruitt*, 32 F.3d 431 (9th Cir. 1994), to argue that "'[a] plea agreement does not waive the right to bring a § 2255 motion unless it does so expressly. The government gets what it bargains for but nothing more.'" COA Appl. at 10, quoting *Pruitt*, 32 F.3d at 433. *Pruitt* is readily distinguishable, however, because there the defendant's plea bargain included a waiver of appeal but not a waiver of the right of collateral attack. *See id.* at 432. We have held that a waiver of the right to "appeal or collaterally challenge" encompasses a § 2255 motion. *Pinson*, 584 F.3d at 974 (brackets and internal quotation marks omitted). Thus, Defendant's § 2255 motion is within the scope of her waiver.

Turning to the second requirement:

> [T]o ascertain whether the defendant knowingly and voluntarily waived his appellate rights . . . we especially look to two factors. First, we examine whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily. Second, we look for an adequate Federal Rule of Criminal Procedure 11 colloquy.

*Hahn*, 359 F.3d at 1325 (citation omitted). Defendant's plea agreement states that her waiver was entered "knowingly and voluntarily," and that she "ha[d] discussed [the plea agreement's] terms with her attorney and understands and accepts those terms." Plea Agreement, *supra*, at 6, 11. During the plea colloquy the district court thoroughly instructed Defendant that she was waiving her right "to appeal or challenge in any other way" her guilty plea and sentence, as long as the sentence was not greater than the sentencing-guidelines range, and she indicated that she understood and accepted the waiver. Transcript of Plea Proceedings at 11–12, *Bell*, No. 5:08-CR-00303-F (Jan. 12., 2009), ECF No. 70-1.

Defendant has the burden to present evidence establishing that the waiver was not knowing and voluntary. *See United States v. Cudjoe*, 634 F.3d 1163, 1166 (10th Cir. 2011). She asserts that she "would have never agreed to waive her Appeal or Post Conviction rights to collaterally attack her sentence had she been made aware of the fact that she would be sentenced as a Career Offender," COA Appl. at 13, and that her attorney told her both that the sentence would be ten years, and that the government would not seek to enhance her sentence. She also states that she understood that the government would file a motion under

Fed. R. Crim. P. 35(b) or USSG § 5K1.1 to reduce her sentence for substantial assistance. She argues that because she was mistaken about these facts, her plea was not knowing and voluntary.

But Defendant's claims are contrary to her statements at the time of her plea. She told the district court that she had received no promises or assurances beyond what was in the plea agreement. *See Tovar Mendoza v. Hatch*, 620 F.3d 1261, 1269 (10th Cir. 2010) ("[S]olemn declarations in open court carry a strong presumption of verity." (internal quotation marks omitted)). Defendant's argument amounts to the contention that her waiver could not be valid unless she knew exactly what sentence she would receive. But we have firmly rejected Defendant's position. *See Hahn*, 359 F.3d at 1327. Defendant's waiver was knowing and voluntary.

Finally, we examine whether enforcement of "the waiver will result in a miscarriage of justice." *Id.* We have held that a miscarriage can occur in only four situations: "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id.* (internal quotation marks omitted). Defendant raises only the first two—racially motivated sentencing and ineffective assistance of counsel—as her second and third claims on appeal.

Defendant's claim that her race affected her sentence relies on the following statement by her attorney at sentencing:

> Beyond that, recently we've had several cases come in from Lawton and it's only recently that I've realized there is a major problem with controlled substances in the Lawton area, but not only is it controlled substances, but it's gangs. And from talking with a client just recently, the number of gangs in Lawton is increasing. And I was quite honestly surprised by the amount of gang crime that is occurring there.
>
> Now, also from talking with clients that are coming from the Lawton area, having felony convictions is making it extremely difficult to find any kind of gainful employment. And as a result, a lot of young people have resorted to dealing in drugs.
>
> Putting [Defendant] away for 22 years is not going to solve the problem in Lawton, but letting people know through a sufficient sentence that the courts will not tolerate this crime may send the proper message to those individuals who continue to commit crimes.

Sentencing Hearing at 21–22, *Bell*, No. 5:08-CR-00303-F (May 21, 2009), ECF No. 70-2. Defendant argues that the references to gang problems in Lawton were racially motivated statements by her attorney (she asserts that those involved in gangs and selling crack in Lawton are predominantly black). She then claims that the district court responded to this allegedly racially charged comment when imposing sentence, as shown by its statement that "[i]t is my intent to make an example out of you," Sentencing Hearing, *supra*, at 27. Defendant's arguments fail. The district court said that there is no support in the record for the contention that defense counsel "invoked race" or that the court considered it, R., Vol. 1 at 25, and we agree.

-10-

We now turn to Defendant's claim that her waiver was invalidated by ineffective assistance of counsel. "[A] plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). To establish that her counsel was ineffective, Defendant must show both "that counsel's representation fell below an objective standard of reasonableness" and that she was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffective assistance of counsel claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.* at 697.

Defendant contends that her counsel was ineffective in advising her to plead guilty before he had researched whether she could be sentenced as a career offender. She states that when she pleaded guilty she therefore believed that her sentence would be 10 years and that the government would move to reduce the sentence further. But she has failed to show prejudice from her attorney's alleged deficiencies.

For a defendant who has pleaded guilty to show prejudice, she must show that she would not have entered her plea but for her attorney's deficient

-11-

performance.  *See Miller v. Champion*, 262 F.3d 1066, 1075 (10th Cir. 2001).  A

defendant's "'mere allegation' that he would have insisted on trial but for his

counsel's errors [is] necessary [but] ultimately insufficient to entitle him to

relief." *Id.* at 1072.  Here, Defendant has not even alleged that she would have

insisted on going to trial had she been aware that she might qualify as a career

offender.[2]

Further, the circumstances of the plea hardly suggest that Defendant would

have rejected the plea if better represented by her attorney.  First, the plea

agreement protected her against an even harsher sentence.  If the government had

not agreed to forgo filing an information under 21 U.S.C. § 851 naming her prior

felony drug convictions, she would have faced a mandatory life sentence.  *See*

21 U.S.C. § 841(b)(1)(A).  Second, the evidence against her was strong:  a search

---

[2] Insofar as Defendant argues that she would not have waived her right to an appeal or a collateral challenge if her attorney had researched the career-offender issue, she fails to show prejudice because she was clearly a "career offender" under the guidelines.  To be a career offender, Defendant needed to have two separately counted felony convictions for controlled-substance offenses. *See* USSG § 4B1.1(a).  She does not contest that she had three prior felony convictions for controlled-substance offenses.  Her argument is solely that they should not have been counted separately because she was never arrested for the second and third offenses.  But under the guidelines, it is dispositive that she was arrested on the first offense before committing the other two; *see id.* § 4A1.2(a)(2), and she does not contest that she was arrested on the first offense before committing the second. Thus, even if she had reserved the right to challenge her being sentenced as a career offender, her challenge could not have succeeded.  And if her counsel had researched the issue (as she claims he did not), the research would have informed her that the sentencing court had to sentence her as a career offender, so she would have had no reason to reserve the right to appeal on that issue.

of her home had uncovered more than 200 grams of crack cocaine in her bedroom. The district court characterized the evidence as "overwhelming." R., Vol. 1 at 33; *see Miller*, 262 F.3d at 1074–75 (strength of the evidence against defendant is a factor when considering prejudice "in the context of a guilty plea").

### (2) Breach of Plea Agreement

Defendant's fourth claim on appeal is that the government breached her plea agreement by arguing that she was a career offender under the guidelines. A claim that the plea agreement has been breached is not barred by a waiver provision in the agreement. *See United States v. Trujillo*, 537 F.3d 1195, 1200 (10th Cir. 2008).

The plea agreement provided that Defendant would receive a downward adjustment to her offense level for acceptance of responsibility but that "[a]part from any expressed agreements and stipulations, the parties reserve the right to advocate for, and present evidence relevant to, other guideline adjustments and sentencing factors for consideration by the U.S. Probation Office and the Court." Plea Agreement, *supra*, at 4. Defendant argues that this provision did not authorize the government to advocate sentencing her as a career offender. She relies on *United States v. Roberts*, 624 F.3d 241 (5th Cir. 2010); but that case is distinguishable. In *Roberts* the plea agreement stated that the base offense level was 30. But career-offender status changed the defendant's base offense level to 37. *See id.* at 243. The Fifth Circuit held that the plea agreement had been

violated because the government argued for a different base offense level than the one to which it had stipulated. *See id.* at 248. Here, in contrast, the plea agreement does not set a base offense level.

### B. Other Claims

Defendant's claims five through ten relate to purported errors in sentencing. But because we have decided that Defendant validly waived her right to pursue a collateral attack, no reasonable jurist could disagree with the district court's decision that these claims do not survive the waiver.

Finally, Defendant argues that she received ineffective assistance of counsel during her direct appeal because her attorney conceded the validity of her waiver of the right to appeal. But because the waiver was valid, Defendant had no right to appeal. Counsel's performance was neither deficient nor prejudicial.

## III. CONCLUSION

We GRANT Defendant's motion to proceed *in forma pauperis*, DENY her application for a COA, and DISMISS the appeal.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge