FILED
United States Court of Appeals
Tenth Circuit

July 6, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

CAROLYN ANN BELL,

Defendant - Appellant.

No. 12-6038
(D.C. No. 5:08-CR-00303-F-1)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Carolyn Ann Bell, a federal prisoner proceeding *pro se*,[1] appeals from the district court's denial of her motion for reduction of sentence brought under 18 U.S.C. § 3582(c)(2). History reveals her persistence in attempting to assert rights to which she is

---

[*] The parties have waived oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is submitted for decision on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation B (unpublished). Id.

[1] Because Bell proceeds *pro se*, we construe her pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

not entitled or clearly waived in her plea agreement.

Pursuant to a plea agreement, Bell pled guilty to possession with intent to distribute fifty or more grams of cocaine base or crack.  Since she was a career offender, she was sentenced to 262 months of imprisonment and a five-year term of supervised release.[2]  Despite having agreed not to appeal, she did.  We dismissed her direct appeal based on the waiver of appeal rights contained in her plea agreement.  *United States v. Bell*, 343 Fed. Appx. 376, 377 (10th Cir. 2009).  Later, and despite her agreement not to do so, she filed a motion under 28 U.S.C. § 2255 collaterally attacking the sentence.  The district court denied her motion.  She appealed and sought a Certificate of Appealability ("COA").  We denied a COA; again because of the waivers contained in her plea agreement.  *United States v. Bell*, 437 Fed. Appx. 658, 665 (10th Cir. 2011).[3]

---

[2] Bell was accountable for 253.26 grams of crack cocaine.  The sentence imposed took into account that amount of the drug.  A three-level adjustment for acceptance of responsibility lowered her total offense level to 34 under the Sentencing Guidelines. With a criminal history category of VI, her advisory Guidelines range was 262 to 327 months of imprisonment.

[3] In our previous thorough analysis of Bell's plea agreement relative to her § 2255 appeal, we quoted the waiver provision:

> Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offenses(s) to which she is pleading guilty.  Defendant further understands that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, give her the right to appeal the judgment and sentence imposed by the Court.  Acknowledging all this, defendant in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives her right to:

In 2010, Congress enacted the *Fair Sentencing Act of 2010* ("FSA"), Pub. L. 111-220, 124 Stat. 2372 (Aug. 3, 2010). Among other things, it significantly reduced the sentencing disparity between crack and powder cocaine. Later in 2010, as required by the FSA, the Sentencing Commission amended the Sentencing Guidelines to reflect the change. *See* U.S.S.G. § 2D1.1(c) (2010). In her § 3582(c)(2) motion, Bell claims to be eligible for what would amount to a retroactive sentence reduction because of the change to the guideline.[4] The district court denied her motion. She renews her arguments in this, her third appeal, but they are untenable for at least three reasons.

First, her plea agreement specifically precludes her not only from collaterally attacking her sentence under § 2255 but also from seeking to modify it under § 3582(c)(2). *See supra* note 3. Our previous analysis of Bell's plea-agreement waiver of her § 2255 rights applies with equal force to preclude relief on her § 3582(c)(2) motion. *See Bell*, 437 Fed. Appx. at 661-64.

> . . . .
>
> b. Appeal, collaterally challenge, or move to modify under <u>18 U.S.C. § 3582(c)(2)</u> or some other ground, her sentence imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case. *Defendant acknowledges that this waiver remains in full effect and is enforceable*, even if the Court rejects one or more of the positions [on sentencing agreed to by the parties].

*Bell*, 437 Fed. Appx. at 661-62 (third emphasis added).

[4] 18 U.S.C. § 3582(c)(2) permits sentence reductions when the Guidelines sentencing range has been lowered as permitted by 28 U.S.C. § 994(o).

Second, the guideline change involving crack cocaine does not apply retroactively.[5] *United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010), *cert. denied*, 131 S. Ct. 1790 (2011). Bell's crimes were committed in 2008, and she was sentenced in 2009. The relevant guideline was amended in 2010.

Third, Bell's arguments regarding the guideline changes now reflected in U.S.S.G. § 2D1.1(c) misapprehend the significance of the career-offender guideline, U.S.S.G. § 4B1.1. "Under the policy statement, a sentence reduction is not authorized if the amendment at issue 'does not have the effect of lowering the defendant's applicable guideline range.'" *United States v. Corber*, 596 F.3d 763, 766 (10th Cir. 2010) (quoting U.S.S.G. § 1B1.10(a(2)(B)), *cert. denied*, 131 S. Ct. 897 (2011). In *Corber*, we affirmed the district court's denial of the defendant's § 3582(c)(2) motion based on the subsequent

---

[5] The government now concedes its counsel misled the district court in saying the amended crack cocaine guideline applied retroactively. "Because [Bell] was sentenced on May 21, 2009, before the August 3, 2010 enactment date, the government's counsel should have argued that the [FSA] does not apply retroactively to her sentence."

In determining whether a sentence reduction is available under § 3582(c)(2), the district court "shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). "The clear import of [§1B1.10(b)] is the sentencing court determines the applicability of the new guideline in the context of the circumstances in existence at the time the sentence was originally imposed." *United States v. Mueller*, 27 F.3d 494, 496 (10th Cir. 1994).

Although the district court may have been misled by government counsel, it nevertheless reached the correct decision in denying Bell's § 3582(c)(2) motion. *See Richison v. Ernest Grp., Inc.,* 634 F.3d 1123, 1130 (10th Cir. 2011) ("In reviewing the decision of a lower court, it must be affirmed if the result is correct although the lower court relied upon a wrong ground or gave a wrong reason." (citation and internal quotation marks omitted)).

sentence reduction for crack cocaine, because the defendant was a career offender; "the district court had no authority to reduce the sentence." *Id.* Concerning Bell's career-offender status, the district court noted: "Her conviction in this case, based on conduct that occurred in November, 2008, was her fourth conviction for criminal conduct relating to distribution of cocaine or crack cocaine." (R. Vol. 1 at 17.) Because Bell is a career offender, her sentence would not change even if a sentence reduction for her crack cocaine crime were possible, which it clearly is not.

Bell claims the district court had discretion to reduce her sentence. As we have explained, she is wrong. She also claims judicial bias in not granting her § 3582(c)(2) motion. Her arguments regarding that claim are contrived and insulting, the last refuge of the truly desperate. We will not dignify them with further discussion. In any event, they matter not because the court had no authority to grant the relief she seeks.

This is the second time Bell has filed motions with the district court contrary to the terms of her plea agreement and the third appeal she has brought contrary to that agreement. Enough is enough. Further motions and appeals may well result in filing restrictions or other sanctions.

We deny Bell's motion to appoint counsel on appeal and all of her other motions that may remain unresolved.

AFFIRMED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

- 5 -